### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| BROOKE BASHAW | ) | |
| | ) | |
| and | ) | |
| | ) | |
| KATIE SELLERS | ) | Case No.: 11-cv-2693 JWL/JPO |
| | ) | |
| and | ) | |
| | ) | |
| LAUREN SPALSBURY, | ) | JURY TRIAL DEMANDED |
| | ) | |
| *Plaintiffs*, | ) | |
| *vs.* | ) | |
| | ) | |
| JEREMIAH JOHNSON, | ) | |
| | ) | |
| *Defendant.* | ) | |

## COMPLAINT FOR DAMAGES

COME NOW Plaintiffs Brooke Bashaw, Katie Sellers, and Lauren Spalsbury, by and through the undersigned counsel, and for their Petition for Damages against Defendant Jeremiah Johnson, state and allege as follows:

1.      Plaintiff Brooke Bashaw is an individual residing in Overland Park, Kansas.

2.      Plaintiff Katie Sellers is an individual whose residence is Salina, Kansas.

3.      Plaintiff Lauren Spalsbury is an individual residing in Overland Park, Kansas.

4.      Defendant Jeremiah Johnson is an individual residing in Kansas City, Missouri and is an attorney licensed in Kansas and Missouri.

5.      Diversity jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332 (a) in that Plaintiffs are all residents of the State of Kansas and Defendant is a resident of the State of Missouri and each Plaintiff is seeking monetary damages from Defendant in excess of $75,000.00.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that Plaintiffs all are residents of the State of Kansas and the Defendant's actions that constitute this cause of action occurred in Olathe, Johnson County, Kansas.

7.      Prior to June 2, 2011 Plaintiffs were employees of Defendant Jeremiah Johnson and/or The Law Offices of Jeremiah Johnson.

8.      At all times relevant hereto Plaintiffs worked as office staff in Defendant's law office located at 104 East Poplar, Olathe, Kansas.

9.      At all times relevant hereto Plaintiffs were directly supervised by, and reported to, Jeremiah Johnson.

10.     Plaintiffs were each encouraged by Jeremiah Johnson to wear "skirts and high heels" while working in the office.

11.     Some time prior to June 2, 2011 Defendant purchased an Apple iPhone, an Apple iPad, and an application named "Cam-u-flage" which allowed the iPhone and/or iPad to be used to conduct video surveillance.

12.     Some time prior to June 2, 2011 Defendant purchased new desks, replacing the old office desks.

13.     The new desks were open, allowing a person's feet, legs, and lower torso to be viewed, if one was looking under the desks, while a person was properly seated at the desk.

14.     On a number of occasions prior to June 2, 2011, and after the purchase and installation of the new desks, Defendant requested and/or instructed each Plaintiff to sit at a particular desk (Desk #1), for no particular reason or apparent benefit in completing their job tasks.

2

15.     On many occasions prior to June 2, 2011 each Plaintiff sat at a particular desk (Desk #1) while wearing skirts, in accordance with Defendant's dress code and office policy.

16.     On a number of occasions prior to and including June 2, 2011 Jeremiah Johnson positioned his iPhone and/or iPad using the Cam-u-flage application or some similar program, to surreptitiously film under the desk at which each of the Plaintiffs regularly sat.

17.     On a number of occasions prior to and including June 2, 2011 utilizing an iPhone and/or iPad with the Cam-u-flage application or some similar program, Jeremiah Johnson secretly recorded each of the Plaintiffs while each was sitting at the desk (Desk #1). The recordings were directed at the Plaintiffs' legs, lower torso, and allowed anyone viewing the recordings to see Plaintiffs' legs and between their legs to the undergarments.

18.     At all times relevant hereto Plaintiffs had a reasonable expectation of privacy under their desk and while at work in a law office.

## COUNT I – INVASION OF PRIVACY

19.     Plaintiffs restate and incorporate by reference paragraphs 1 through 18 of this Complaint  as though fully set forth herein.

20.     At all times relevant hereto Plaintiffs had a right to privacy, particularly in the area directly under their work desk, while sitting at the desk, working in a law office.

21.     The acts of Defendant described herein are of such a nature that they would cause mental distress or injury to a person having ordinary feelings and intelligence.

22.     Defendant intentionally and/or negligently intruded upon the solitude or seclusion of Plaintiffs.

23.     Defendant's intentional and/or negligent intrusion would be highly offensive to an ordinary person.

24.     The actions and conduct set forth herein were outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of plaintiffs and therefore plaintiffs are entitled to punitive damages from defendant to punish and deter defendant and others from like conduct.

25.     As a result of the conduct alleged herein, Plaintiffs sustained damages including but not limited to mental suffering, shame, humiliation, and loss of income.

WHEREFORE, based on the above and foregoing, Plaintiffs respectfully pray for judgment against Defendant for damages in an amount in excess of $75,000.00 each, for punitive damages, together with their fees, costs, and expenses incurred herein, and for such other further relief as the Court deems just and proper.

## COUNT II - OUTRAGE

26.     Plaintiffs restate and incorporate by reference paragraphs 1 through 25 of this Complaint as though fully set forth herein.

27.     Defendant's conduct alleged herein was intentionally and/or negligently, or recklessly, inflicted upon Plaintiffs.

28.     Defendant's conduct alleged herein was extreme and outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of plaintiffs and therefore plaintiffs are entitled to punitive damages from defendant to punish and deter defendant and others from like conduct.

29.     Defendant's conduct alleged herein caused severe emotional distress to Plaintiffs.

30.     As a result of the conduct alleged herein Plaintiffs sustained damages including but not limited to severe emotional distress, mental suffering, shame, and humiliation.

4

WHEREFORE, based on the above and foregoing, Plaintiffs respectfully pray for judgment against Defendant for damages in an amount in excess of $75,000.00 each, for punitive damages, together with their fees, costs, and expenses incurred herein, and for such other further relief as the Court deems just and proper.

## COUNT III – BREACH OF FIDUCIARY DUTY

31.     Plaintiffs restate and incorporate by reference paragraphs 1 through 33 of this Complaint as though fully set forth herein.

32.     A fiduciary relationship existed between Plaintiffs and Defendant.

33.     Plaintiffs, throughout their employment with Defendant, placed special trust and confidence in Defendant.

34.     Defendant had the duty to act in good faith and with due regard to the interests of Plaintiffs.

35.     Defendant breached his duties in one or more of the following manners:

    a.     positioning an electronic recording device such that it was aimed directly under the desk at which Plaintiffs regularly sat;

    b.     positioning an electronic recording device at a height or level such that it was aimed directly at the legs, between the legs, and lower torso area of a person sitting at the desk at which Plaintiffs regularly sat;

    c.     directing Plaintiffs to sit in a chair at a desk which Defendant knew, or should have known, was being secretly recorded;

    d.     failing to warn Plaintiffs about any recording device that was placed under the desk at which they regularly sat; and

e.      in other manners to be discovered throughout the course of discovery and litigation of this matter.

36.      The actions and conduct set forth herein were outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Plaintiffs and therefore Plaintiffs are entitled to punitive damages from Defendant to punish and deter Defendant and others from like conduct.

37.      As a direct and proximate result of Defendant's breach of fiduciary duty Plaintiffs sustained damages including but not limited to severe emotional distress, mental suffering, shame, and humiliation.

WHEREFORE, based on the above and foregoing, Plaintiffs respectfully pray for judgment against Defendant for damages in an amount in excess of $75,000.00 each, for punitive damages, together with their fees, costs, and expenses incurred herein, and for such other further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs request a jury trial on all issues pursuant to FRCP Rule 38.

## DESIGNATION OF PLACE OF TRIAL

Plaintiffs designate Kansas City, Kansas, as the place of trial.

Respectfully submitted,


_s/ A. Scott Waddell_
_____
A. Scott Waddell            KS# 20955
Waddell Law Firm LLC
2029 Wyandotte, Suite 100
Kansas City, MO 64108
Telephone: 816.221.2555
Facsimile: 816.221.2508
E-mail: scott@aswlawfirm.com
**ATTORNEYS FOR BROOKE BASHAW**

AND

COPLEY ROTH & WILSON, LLC


_s/ Jason P. Roth_
_____
Jason P. Roth               KS# 20529
Patrick Copley              KS# 20699
7300 College Blvd., Suite 175
Overland Park, KS 66210
Telephone: 913.451.9500
Facsimile: 913.451.9501
E-mail: jason@crwlawyers.com
E-mail: patrick@crwlawyers.com
**ATTORNEYS FOR KATIE SELLERS**

AND


_s/ Anne Schiavone_
_____
Anne Schiavone          KS# 19669
HOLMAN SCHIAVONE, LLC
4600 Madison Ave., Suite 810
Kansas City, MO 64112
Telephone: 816.283.8738
Facsimile: 816.283.8739
E-mail: aschiavone@hslawllc.com
**ATTORNEYS FOR
LAUREN SPALSBURY**