IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BROOKE BASHAW and KATIE SELLERS and LAUREN SPALSBURY,<br><br>      Plaintiffs,<br><br>vs.<br><br>JEREMIAH JOHNSON,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No: 11-CV-2693 JWL/JPO<br>)<br>)<br>)<br>)<br>) |

## ANSWER OF DEFENDANT TO PLAINTIFFS' COMPLAINT FOR DAMAGES

**COMES NOW** Defendant, Jeremiah Johnson, and for his Answer to Plaintiffs' Complaint, states as follows:

1. Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

2. Any allegation of fact or conclusion of law as set forth in Plaintiffs' Complaint which is not admitted shall be deemed denied.

3. Defendant admits that Brooke Bashaw, Katie Sellers and Lauren Spalsbury are individuals, but is without information to affirm or deny their residency, and therefore denies that portion of paragraphs 1, 2 and 3 of their Complaint.

4. Paragraph 4 is admitted.

5. While it appears that diversity jurisdiction is appropriate pursuant to K.S.A. 28 U.S.C. § 1332(a) in reference to the residence of the respective parties, it is denied that the Plaintiffs' damages exceeds $75,000.00. The remaining portions of paragraph 5 are denied.

6. Paragraph 6 is admitted.

7. It is specifically denied that the Plaintiffs were employees of Jeremiah Johnson and affirmatively state that at the time in question, they were employees of The Law Offices of Jeremiah Johnson, P.A. The remaining portions of paragraph 7 are denied.

8. It is admitted that the Plaintiffs worked at the law office at 104 E. Poplar, Olathe, Kansas and that one of their supervisors was the Defendant. The remaining portions of paragraphs 8 and 9 are denied.

9. Paragraph 10 is denied.

10. Paragraph 11 is denied

11. Paragraph 12 is denied

12. The Defendant is without information to speculate as to what the Plaintiffs mean by "open" in regard to the desk in question, but does admit that a person's feet, legs or lower torso or portions thereof are generally within view while seated there. The remaining portions of paragraph 13 are denied.

13. Paragraph 14 is denied.

14. Paragraph 15 is denied.

15. Paragraph 16 is denied.

16. Paragraph 17 is denied.

17. Paragraph 18 is denied.

18. Count I fails to state a claim upon which relief may be granted.

19. Defendant incorporates by reference his admissions, denials and qualifications as set forth in reference to claims in paragraphs 1 through 18 as if set forth more fully herein and incorporated as to the allegations as set forth in paragraph 19.

20. Defendant denies paragraphs 20, 21, 22, 23, 24, 25 and the remaining portions of Count I of Plaintiffs' Complaint.

21. Count II fails to state a claim upon which relief may be granted.

22. This Defendant incorporates by reference his admissions, denials and qualifications as set forth in reference to paragraphs 1 through 25 as if set forth more fully herein and incorporated in reference to paragraph 26.

23. Paragraph 27 is denied.

24. Paragraph 28 is denied.

25. Paragraph 29 is denied.

26. Paragraph 30 is denied.

27. The remaining portions of Count II are denied.

28. Count III fails to state a claim upon which relief may be granted.

29. This Defendant incorporates by reference his admissions, denials and qualifications as they apply to paragraphs 1 through 30 and incorporate the same as if set forth more fully in detail in reference to paragraph 31 of Count III.

30. Defendant denies that there is a fiduciary relationship flowing from the Defendant to the Plaintiffs and further denies paragraph 32.

31. Defendant denies paragraph 33.

32. Defendant denies paragraph 34.

33. Defendant denies paragraph 35 and all subsections.

34. Defendant denies paragraph 36.

35. Defendant denies paragraph 37.

36. Defendant denies the remaining portions of Count III of Plaintiffs' Complaint.

37. By way of further defense, Defendant states that if the Plaintiffs were damaged and injured as alleged, which this Defendant denies, then the Plaintiffs' causes of action are barred by or diminished by their own negligence and fault, acceptance of terms of employment, waiver, estoppel, and acquiescence.

38. By way of further defense, Defendant states that all or portions of the Plaintiffs' claims as set forth in Counts I, II and III of their Complaint, are frivolous, unwarranted, lacking in probable cause and are otherwise unwarranted by existing law for which the Defendant is or may claim sanctions pursuant to Rule 11(a), (b), and (c).

39. By way of further defense, Defendant states that the Plaintiffs have failed to mitigate their damages and have not suffered physical injuries thereby barring or diminishing their claims herein.

40. By way of further defense, Defendant states that the claims made by the Plaintiffs herein for attorneys' fees are barred under Kansas law and are not statutorily allowed under the claims being advanced herein.

41. By way of further defense, Defendant claims that Plaintiffs' claims may be barred by the exclusive remedy of Worker's Compensation.

**WHEREFORE**, Defendant prays that the Plaintiffs' complaint be dismissed with prejudice and that he be awarded sanctions and for such other and further relief as the Court deems fair, just and equitable.

        WALLACE, SAUNDERS, AUSTIN,
        BROWN AND ENOCHS, CHARTERED

        By_____/s/ Richard T. Merker_____
        Richard T. Merker   KS# 07405
        10111 West 87th Street
        P.O. Box 12290
        Overland Park, KS 66282-2290
        rmerker@wallacesaunders.com
        913-888-1000   Fax - 913-888-1065

        ATTORNEYS FOR DEFENDANT
        JEREMIAH JOHNSON

I undersigned hereby certifies that a true and correct copy of the above and foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to the following, on this 18th day of January, 2012, to:

Mr. A. Scott Waddell
WADDELL LAW FIRM LLC
2029 Wyandotte, Suite 100
Kansas City, MO 64108
scott@aswlawfirm.com
(816) 221-2555  Fax:  (816) 221-2508

ATTORNEYS FOR PLAINTIFF
BROOKE BASHAW

Mr. Jason P. Roth
Mr. Patrick Copley
COPLEY ROTH & WILSON, LLC
7300 College Boulevard, Suite 175
Overland Park, KS 66210
jason@crwlawyers.com
patrick@crwlawyers.com
(913) 451-9500  Fax:  (913) 451-9501

ATTORNEYS FOR PLAINTIFF
KATIE SELLERS

Ms. Anne Schiavone
HOLMAN SCHIAVONE, LLC
4600 Madison Avenue, Suite 810
Kansas City, MO 64112
aschiavone@hslawllc.com
(816) 283-8738  Fax:  (816) 283-8739

ATTORNEYS FOR PLAINTIFF
LAUREN SPALSBURY


_____/s/ Richard T. Merker_____
For the Firm