IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BROOKE BASHAW and KATIE SELLERS and )
LAUREN SPALSBURY, )
)
)
                 Plaintiffs, )
)
vs. )   Case No: 11-CV-2693 JWL/JPO
)
JEREMIAH JOHNSON, )
)
                 Defendant. )
)

## COUNTERCLAIM

**COMES NOW** Defendant, Jeremiah Johnson, and for his Counterclaim against the Plaintiffs, and each of them, alleges and states:

## GENERAL ALLEGATIONS

1. Plaintiffs Brooke Bashaw, Katie Sellers and Lauren Spalsbury, have caused to be filed in this Court a Complaint for Damages against the Defendant.

2. That the Defendant is an individual residing in Kansas City, Missouri, but is also a licensed attorney in the state of Kansas and Missouri.

3. That at all times relevant, the Plaintiffs were employees of The Law Offices of Jeremiah Johnson, P.A.

4. That on or about June 2, 2011, while the Defendant was out of the office representing clients in legal matters, one or more of the Plaintiffs took control of an Apple iPhone, Apple iPad and one or more computers that were used by the Defendant in the course and scope of his employment and which were located at the business offices at 104 E. Poplar, Olathe, Kansas.

5. That one or more of the Plaintiffs, without authority, used, copied, modified and irreversibly changed all or portions of the materials and data on said iPhone or iPad, and computers, all without the knowledge or consent of the Defendant or any other authorized person.

6. That one or more of the Plaintiffs, while exceeding authorization, used, copied, modified, and irreversibly changed all or portions of the materials and data on said iPhone, iPad, and computers, all without the knowledge or consent of the Defendant or any other authorized party.

7. That on or about June 6, 2011, Plaintiffs employed counsel Roth, Copley & Wilson.

8. That on or about June 7, 2011, the Plaintiffs and their attorneys contacted the Olathe Police Department and provided information to them claiming that Defendant had committed a criminal offense or offenses.

## COUNT I

**COMES NOW** Defendant, Jeremiah Johnson, and for his Counterclaim against the Plaintiffs, and each of them, in Count I alleges and states as follows:

9. The General Allegations as set forth above are incorporated herein as if set forth more fully in detail.

10. The claims against the Plaintiffs herein are pursuant to 18 U.S.C. § 1030 et seq., under the Computer Fraud And Abuse Act (CFAA) which provides for criminal and civil remedies. That said Act was in full force and effect on or about June 2, 2011.

11. That a "protected computer" under CFAA is any computer which is used in interstate or foreign commerce or communication which would include the use of e-mails, and the internet, which encompasses all computers, including the computer in question.

12. The CFAA provides a civil action to any person who suffers damages or loss as a result of conduct prohibited by CFAA and which Act prohibits, among other things, a person or persons from intentionally accessing a computer without authorization or exceeding authorized access and thereby obtaining information from any protected computer in violation of 18 U.S.C. § 1030(a)(2)(C).

13. That on or about June 2, 2011, one or more of the Plaintiffs, without authority from the Defendant or any other authorized party, intentionally accessed the iPad, iPhone, and computers in question without or in excess of their authorization, and without the knowledge, consent or authority from the Defendant and, while doing so, had access to information which was privileged and confidential, including but not limited to information in regard to clients and represented parties.

14. Further, one or more of the Plaintiffs, accessed, altered, copied, removed, and irreversibly changed information on the iPhone, iPad, and computers in question, all without the knowledge and consent of Defendant or any other authorized person.

15. That as a direct and proximate result of the actions of the Plaintiffs while acting individually and/or in concert, the Defendant has been damaged and that the damages would exceed at least $5,000.00 in value and would be a threat or invasion of the public interest and confidential information contained therein.

16. That the actions of the Plaintiffs, individually, or in concert, were without authorization and in direct violation of the Computer Fraud And Abuse Act (CFAA).

17. That as employees of the professional association, the Plaintiffs, and each of them, violated their duties by accessing the iPhone or iPad and one or more computers in question and to take possession thereof without just cause or excuse and without permission from the Defendant.

18. That as a direct result thereof, the Defendant has suffered damages.

**WHEREFORE**, in Count I, Defendant prays for judgment against the Plaintiffs, and each of them, in a sum in excess of $75,000.00, for attorney's fees and costs, and for such other and further relief as the Court deems fair, just and equitable.

## COUNT II

**COMES NOW** Defendant, Jeremiah Johnson, and for his Counterclaim against the Plaintiffs, and each of them, in Count II, states as follows:

19. The General Allegations as set forth above and those allegations as set forth in Count I of Defendant's Counterclaim are incorporated herein as if set forth more fully in detail.

20. That on and before October 20, 2011, the Plaintiffs, through counsel, Jason P. Roth and Patrick Copley, of the firm of Copley, Roth & Wilson, L.L.C., made claim for damages against Jeremiah Johnson and The Law Offices of Jeremiah Johnson, P.A., arising out of the facts and circumstances which occurred on June 2, 2011, at the law offices located at 104 E. Poplar, Olathe, Kansas.

21. That each of the parties agreed to enter into pre-suit confidential mediation, with the intent and goal to resolve any and all disputes between the parties arising out of said claims.

22. That the parties agreed to use Donald W. Vasos as mediator, and each party submitted a confidential submission to Donald W. Vasos prior to the mediation which occurred on October 20, 2011, at the offices of Wallace, Saunders, Austin, Brown & Enochs, Chartered.

23. That on October 20, 2011, Plaintiffs Brooke Bashaw, Katie Sellers and Lauren Spalsbury, appeared at the mediation and with their counsel, Jason P. Roth and Patrick Copley.

24. That prior to the commencement of the confidential mediation, each of the Plaintiffs Brooke Bashaw, Katie Sellers and Lauren Spalsbury, and their retained counsel, Jason P. Roth and Patrick Copley, read, signed and agreed to the Confidentiality Agreement. A copy of the Confidentiality Agreement is attached hereto and marked as Exhibit 1.

25. Pursuant to the Confidentiality Agreement, all parties agreed that the mediation proceedings shall be regarded as settlement negotiations and any communication relating to the subject matter of the dispute made during the resolution process by any participant, or the mediator, or any other person present at the dispute resolution proceedings shall be confidential communications. Since the matter was pre-suit, the Confidentiality Agreement was pursuant to either K.S.A. § 60-452 and/or Rule 408 of the Federal Rules of Evidence.

26. That during the course of the mediation, certain information was disclosed from the Defendant to the Plaintiffs through the mediator in reference to the desire and need for a Mutual Release as part of the resolution of the claims.

27. That the mediation failed and shortly after, but still on October 20, 2011, the Plaintiffs, by and through their agents and attorneys, Jason P. Roth and Patrick Copley, immediately contacted the Assistant Johnson County District Attorney assigned to the case, and discussed in detail with him issues and legal positions taken by the respective parties in the confidential mediation held on the same date. That the mediation at the offices of Wallace, Saunders, Austin, Brown & Enochs, Chartered, concluded without success at or about 3:00 p.m. or 3:30 p.m., and the Plaintiffs' agents, Jason P. Roth and Patrick Copley, contacted the Assistant District Attorney assigned to the case and discussed the issues involved in the mediation.

28. That on October 20, 2011, and before, the Assistant District Attorney was the designated representative investigating the matter concerning the Defendant for and on behalf of the District Attorney's Office of Johnson County, Kansas.

29. That upon being contacted by Jason P. Roth and Patrick Copley, agents of the Plaintiffs, after business hours, the Assistant District Attorney assigned to the case called the Defendant's retained criminal attorney, Thomas Bath, and disclosed to him the facts that he had been made aware of information provided in a confidential setting in the mediation and discussed the case in its potential deleterious affect on the pending investigation.

30. That on October 20, 2011, the Plaintiffs by and through their designated agents and attorneys, Jason P. Roth and Patrick Copley, attempted to use information obtained in a confidential mediation setting to effect an alleged criminal investigation involving the Defendant.

31. That as a direct result thereof, the Defendant has suffered damages, including but not limited to, attorney's fees and costs, and the potential that the matter under investigation by the Johnson County District Attorney's office would be formally commenced against the Defendant based upon information improperly provided to the Assistant District Attorney in question.

32. That the actions of the Plaintiffs, individually and/or by and through their agents and attorneys, Jason P. Roth and Patrick Copley, constitute a breach of the Confidentiality Agreement and a breach of contract for which the Defendant seeks damages.

**WHEREFORE**, in Count II, the Defendant prays for damages against the Plaintiffs, and each of them, in an amount in excess of $75,000.00, attorney's fees, and for such other and further relief as the Court deems fair, just and equitable.

WALLACE, SAUNDERS, AUSTIN,
BROWN AND ENOCHS, CHARTERED

By_____/s/ Richard T. Merker_____
    Richard T. Merker    KS# 07405
    10111 West 87th Street
    P.O. Box 12290
    Overland Park, KS 66282-2290
    rmerker@wallacesaunders.com
    913-888-1000    Fax - 913-888-1065

ATTORNEYS FOR DEFENDANT
JEREMIAH JOHNSON

I undersigned hereby certifies that a true and correct copy of the above and foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to the following, on this 18th day of January, 2012, to:

Mr. A. Scott Waddell
WADDELL LAW FIRM LLC
2029 Wyandotte, Suite 100
Kansas City, MO 64108
scott@aswlawfirm.com
(816) 221-2555  Fax:  (816) 221-2508

ATTORNEYS FOR PLAINTIFF
BROOKE BASHAW
Mr. Jason P. Roth
Mr. Patrick Copley
COPLEY ROTH & WILSON, LLC
7300 College Boulevard, Suite 175
Overland Park, KS 66210
jason@crwlawyers.com
patrick@crwlawyers.com
(913) 451-9500  Fax:  (913) 451-9501

ATTORNEYS FOR PLAINTIFF
KATIE SELLERS

Ms. Anne Schiavone
HOLMAN SCHIAVONE, LLC
4600 Madison Avenue, Suite 810
Kansas City, MO 64112
aschiavone@hslawllc.com
(816) 283-8738  Fax:  (816) 283-8739

ATTORNEYS FOR PLAINTIFF
LAUREN SPALSBURY


_____/s/ Richard T. Merker_____
For the Firm

Case 2:11-cv-02693-JWL-JPO   Document 4-4   Filed 01/18/12   Page 10 of 10



EXHIBIT
1

## CONFIDENTIALITY AGREEMENT

We have agreed to attempt to compromise and resolve through mediation the dispute which is presently existing styled, *Brook Bashaw, Katie Seller, Lauren Spalsbury v. Jeremiah Johnson and the Law Offices of Jeremiah Johnson, P.A.* The parties have jointly selected Donald W. Vasos to serve as a neutral mediator.

The parties agree that the mediator, Donald W. Vasos, shall not be subpoenaed or otherwise compelled to disclose any matter revealed in the process of setting up or conducting the mediation, except to the extent such disclosure may be necessary to enforce a settlement agreement if a settlement agreement is reached among the parties as a result of the mediation process.

The parties further agree that the mediation proceedings shall be regarded as settlement negotiations.  Any communication relating to the subject matter of the dispute made during the resolution process by any participant or the mediator or any other person present at the dispute resolution proceedings shall be confidential communication.  No admission, representation, statement or other confidential communication made in setting up or conducting the mediation not otherwise discoverable or obtainable shall be admissible as evidence or subject to discovery.

*See*, K.S.A. 60-452; 60-452a; and 60-453; Mo.Rev.Stat. § 435.014; Rule 408, Fed.R. Evid.

Dated: 10/20/11

Printed Name: RICHARD T MERICA

Dated: 10/20/11

Printed Name: Jeremiah John

Printed Name: Scott McFall

Jason Roth

Patrick Copley - for

Lauren Spalsbury

Katie Seller

Brook Bashaw