IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BROOKE BASHAW ) | |
| and ) | |
| KATIE SELLERS ) | Case No.: 11-CV-2693 JWL/JPO |
| and ) | |
| LAUREN SPALSBURY, ) | |
| *Plaintiffs/ Defendants*, ) | |
| vs. ) | |
| JEREMIAH JOHNSON ) | |
| *Defendant/Counterclaimant.* ) | |

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION FOR LEAVE TO FILE UNDER SEAL

I.  INTRODUCTION

Defendant/Counterclaimant Jeremiah Johnson ("Defendant") offers no sufficient justification to be allowed to file all pleadings and documents under seal in this matter. There is nothing so exceptional about Defendant or Defendant's business as a practicing attorney to overcome the presumption against sealing pleadings and documents out of the public record. Factually, this case encompasses Defendant's usage of unauthorized video surveillance to secretly record Plaintiffs' undergarments. Upon discovery of Defendant's wrongdoing, Plaintiffs immediately reported this conduct to Defendant's law partner. Plaintiffs showed Defendant's law partner the recorded images before all immediately resigning their employment. Incredibly, Defendant has now counterclaimed that the Plaintiffs have violated Defendant's alleged right to conduct such offensive surveillance by catching Defendant in the act OR have conspired to set

up Defendant by modifying or irreversibly changing "portions of the materials and data on said iPhone or iPad and [office] computers, all without the knowledge or consent of the Defendant or any other authorized person".

Defendant's attempts to hide this unconscionable conduct and force all pleadings and documents to be filed under seal would place an unjustified burden on Court staff and on Plaintiffs to give such special treatment to Defendant. This case is no exception to the general rule that filling documents under seal is frowned upon, and to be allowed only in exceptional circumstances.

II.   LEGAL AUTHORITY

It is well settled that federal courts recognize a common-law right of access to judicial records.[1] This right derives from the public's interest "in understanding disputes that are presented to a public forum for resolution" and is intended to "assure that the courts are fairly run and judges are honest."[2] In exercising the court's sound discretion on whether to allow the public this right of access, "the court must consider the relevant facts and circumstances of the case and balance the public's right of access, which is presumed paramount, with the parties' interests in sealing the record or a portion thereof."[3] Documents should be sealed "only on the basis of articulable facts known to the court, not on the basis of unsupported hypothesis or

---

[1] *Hatfield v. Price Mgmt. Co.*, No. 04-2563-JWL-DJW, 2005 WL 375665, at *1 (D.Kan. Feb. 16, 2005); *Worford v. City of Topeka*, No. 03-2450-JWL-DJW, 2004 WL 316073, at *1 (Feb. 17, 2004) (*citing Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597-99 (1978); *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980); *Stapp v. Overnite Transp. Co.*, No. 96-2320-GTV, 1998 WL 229538, at *1 (D.Kan. Apr. 10, 1998)).

[2] *Worford*, 2004 WL316073, at *1 (*citing Crystal Grower's Corp.*, 616 F.2d at 461).

[3] *Id.* (*citing Stapp*, 1998 WL 229538, at *1 (citations omitted)).

conjecture."[4] In keeping with "the paramount right of public access," the Court requires a party moving for permission to file a particular document under seal to demonstrate a <u>public</u> harm that is sufficient to justify the sealing of the document.[5]

III. ANALYSIS

Defendant has failed to present any compelling reasons with specific factual authority to justify the filing of all pleadings and documents under seal. The fact that a mediation was previously held prior to the filing of this suit and before the hiring of Plaintiff Brooke Bashaw and Lauren Spalsbury's attorneys and the media has already featured a story on Defendant's shocking conduct are not sufficient reasons under the law governing this issue to justify overriding the public's paramount interest "in understanding disputes that are presented to a public forum for resolution" and assuring "that the courts are fairly run and judges are honest."[6] As this Court knows, virtually all mediations are confidential. The courts should not be overly burdened with having all cases previously mediated be litigated under seal from start to finish. Moreover, although the media did in fact run a news story on Defendant's conduct, the general public has a right to know the type of conduct current members of our bar(s) engage in before making the important decision to hire a professional. Finally, Defendant has not articulated a single "public" harm that could conceivably justify the necessity of keeping this entire case under seal.

---

[4] *Id.*

[5] *Hatfield*, 2005 WL 375665, at *1, *Holland v. GMAC Mortg. Corp.*, No. 03-2666-CM, 2004 WL 1534179, at *1-2 (D. Kan. June 30, 2004); *Worford*, 2004 WL 316073 at * 1.

[6] *Worford*, 2004 WL316073, at *1 (*citing Crystal Grower's Corp.*, 616 F.2d at 461).

IV.     CONCLUSION

Defendant had failed to overcome the strong presumption against sealing pleadings and documents. Defendant's alleged personal interest in secrecy does not override this presumption in favor of keeping the court record open for the public's benefit.

Plaintiffs respectfully request that Defendant's Motion be denied.

Dated this 27th day of January, 2012.

Respectfully submitted,

*s/ A. Scott Waddell*
A. Scott Waddell          KS# 20955
Waddell Law Firm LLC
2029 Wyandotte, Suite 100
Kansas City, MO 64108
Telephone: 816.221.2555
Facsimile: 816.221.2508
E-mail: scott@aswlawfirm.com
**ATTORNEYS FOR BROOKE BASHAW**

AND

COPLEY ROTH & WILSON, LLC

*s/ Jason P. Roth*
Jason P. Roth             KS# 20529
Patrick Copley            KS# 20699
7300 College Blvd., Suite 175
Overland Park, KS 66210
Telephone: 913.451.9500
Facsimile: 913.451.9501
E-mail: jason@crwlawyers.com
E-mail: patrick@crwlawyers.com
**ATTORNEYS FOR KATIE SELLERS**

4

AND

*s/ Anne Schiavone*
Anne Schiavone      KS# 19669
HOLMAN SCHIAVONE, LLC
4600 Madison Ave., Suite 810
Kansas City, MO 64112
Telephone: 816.283.8738
Facsimile: 816.283.8739
E-mail: aschiavone@hslawllc.com
**ATTORNEYS FOR**
**LAUREN SPALSBURY**

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was sent electronically via the Court's ECF filing system on January 27, 2012 to the following:

Richard T. Merker
Wallace, Saunders, Austin, Brown, & Enochs, CHTD.
10111 West 87th Street
P.O. Box 12290
Overland Park, KS 66282
913-888-1000
913-888-1065 (facsimile)
rmerker@wallacesaunders.com
ATTORNEYS FOR JEREMIAH JOHNSON