# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

BROOKE BASHAW                    )
                                 )
and                              )
                                 )
KATIE SELLERS                    )     Case No.: 11-CV-2693 JWL/JPO
                                 )
and                              )
                                 )
LAUREN SPALSBURY,                )
                                 )
            *Plaintiffs/*         )
            *Counterclaim Defendants,* )
*vs.*                             )
                                 )
JEREMIAH JOHNSON                 )
                                 )
            *Defendant/Counterclaimant.* )

### BROOKE BASHAW'S ANSWER TO JEREMIAH JOHNSON'S COUNTERCLAIM

Counterclaim Defendant Brooke Bashaw, by and through her undersigned counsel of record, answers and responds to Counterclaimant's Jeremiah Johnson's Counterclaim against Brooke Bashaw. In responding thereto, Brooke Bashaw answers and responds as follows:

1.      Brooke Bashaw admits the allegations contained within paragraphs 1 and 2 of Jeremiah Johnson's counterclaim.

2.      Brooke Bashaw denies the allegations within paragraph 3 of Jeremiah Johnson's counterclaim. Specifically, Brooke Bashaw was not an employee of The Law Offices of Jeremiah Johnson, P.A. when the demand and mediation referenced in paragraphs 20, 21, 22, 23, 24, 25, 26 and 27 of Jeremiah's Johnson's counterclaim occurred.

3.      Brooke Bashaw denies the allegations with in paragraph 4 of Jeremiah Johnson's counterclaim. Rather, upon discovery of Jeremiah Johnson's usage of unauthorized video

surveillance to secretly record Plaintiffs' undergarments, Plaintiffs immediately reported this conduct to Jeremiah Johnson's law partner. Plaintiffs then showed Jeremiah Johnson's law partner the recorded images (of Plaintiffs' undergarments) before all immediately resigning their employment.

4.      Brooke Bashaw denies the allegations within paragraph 5 and 6 of Jeremiah Johnson's counterclaim.

5.      Brooke Bashaw admits the allegations within paragraph 7 and 8 of Jeremiah Johnson's counterclaim.

6.      Brooke Bashaw is without sufficient information to either admit or deny the allegations within paragraphs 9, 10, 11 and 12 of Jeremiah Johnson's counterclaim, and thus denies same.

7.      Brooke Bashaw denies the allegations within paragraph 13, 14, 15, 16, 17, 18, and 19 of Jeremiah Johnson's counterclaim.

8.      Brooke Bashaw admits the allegations within paragraph 20 of Jeremiah Johnson's counterclaim.

9.      Brooke Bashaw admits a pre-suit mediation took place between Plaintiffs and Jeremiah Johnson, but denies the remaining allegations of paragraph 21 of Jeremiah Johnson's counterclaim. Specifically, Brooke Bashaw never agreed not to speak to any law enforcement regarding facts and/or the criminal conduct perpetrated against her by Jeremiah Johnson, or inquire regarding Jeremiah Johnson's legal counsel's threats during the mediation regarding her

alleged criminal culpability for looking at the recorded images of her undergarments on the subject iPad during the aforementioned mediation.

10.     Brooke Bashaw admits a pre-suit mediation took place between Plaintiffs and Jeremiah Johnson, but denies the remaining allegations of paragraph 22 of Jeremiah Johnson's counterclaim.  Specifically, Brooke Bashaw never agreed not to speak to any law enforcement regarding facts and/or the criminal conduct perpetrated against her by Jeremiah Johnson, or inquire regarding Jeremiah Johnson's legal counsel's threats during the mediation regarding her alleged criminal culpability for looking at the recorded images of her undergarments on the subject iPad during the aforementioned mediation.

11.     Brooke Bashaw admits the allegations within paragraphs 23 and 24 of Jeremiah Johnson's counterclaim.

12.     Brooke Bashaw admits a pre-suit mediation took place between Plaintiffs and Jeremiah Johnson, and that a Confidentiality Agreement was executed by her and her then legal counsel, but denies the remaining allegations of paragraph 25 of Jeremiah Johnson's counterclaim.  Specifically, Brooke Bashaw never agreed not to speak to any law enforcement regarding facts and/or the criminal conduct perpetrated against her by Jeremiah Johnson, or inquire regarding Jeremiah Johnson's legal counsel's threats during the mediation regarding her alleged criminal culpability for looking at the recorded images of her undergarments on the subject iPad during the aforementioned mediation.

13.     Brooke Bashaw admits the allegations within paragraphs 26 of Jeremiah Johnson's counterclaim.

14.     Brooke Bashaw admits a pre-suit mediation took place between Plaintiffs and Jeremiah Johnson on or about October 20, 2011, but denies the remaining allegations within paragraph 27 of Jeremiah Johnson's counterclaim.   Specifically, on information and belief, following the mediation, Plaintiffs, through there then attorneys Jason P. Roth and Patrick Copley, immediately contacted the Assistant Johnson County District Attorney to inquire on whether or not there was any way criminal charges could be filed against Plaintiffs, as threatened during the mediation by Jeremiah Johnson and his legal counsel, for finding and viewing recorded images of Plaintiffs' undergarments on the subject iPad that had been obtained via an unauthorized recording device set up by Jeremiah Johnson without Plaintiffs' knowledge and/or consent.

15.     Brooke Bashaw admits the allegations in paragraph 28 of Jeremiah Johnson's counterclaim.

16.     Brooke Bashaw is without sufficient information to either admit or deny the allegations contained with paragraph 29 of Jeremiah Johnson's counterclaim, and thus denies same.

17.     Brooke Bashaw denies the allegations contained within paragraphs 30, 31 and 32 of Jeremiah Johnson's counterclaim.

18.     Brooke Bashaw denies any and all further allegations contained within Jeremiah Johnson's counterclaim not previously admitted to herein.

## AFFIRMATIVE DEFENSES

1.      Jeremiah Johnson's counterclaim fails to state a claim upon which relief can be granted and should be dismissed.

2.      Jeremiah Johnson's counterclaim and claims are barred by the affirmative defenses and legal doctrines of illegality, license, estoppel, laches and contributory fault. Specifically, Jeremiah Johnson engaged in criminal acts of utilizing unauthorized video surveillance to secretly record Plaintiffs' undergarments.  Upon discovery of Jeremiah Johnson's tortuous and criminal wrongdoing, Plaintiffs immediately reported this conduct to Jeremiah Johnson's law partner.  Plaintiffs showed Jeremiah Johnson's law partner the recorded images of Plaintiffs' undergarments before all immediately resigning their employment from The Law Firm of Jeremiah Johnson, P.A.

3.      Jeremiah Johnson's counterclaim against Brooke Bashaw is being brought for an improper purpose, including, but not limited to an intent to harass Brooke Bashaw, cause unnecessary delay, and needlessly increase the cost of this litigation.   Further, Jeremiah Johnson's counterclaim against Brooke Bashaw is being brought without the support of existing law and without factual and/or evidentiary support.  Thus, Jeremiah Johnson's legal counsel should be subject to sanction(s) pursuant to FRCP 11 (c).

4.      On information and belief, the subject iPad at issue in this litigation was destroyed shortly after Plaintiffs discovered Jeremiah Johnson's unauthorized recordings of their undergarments, thus a spoliation of evidence instruction will be necessary with respect to Plaintiffs' claims and Jeremiah Johnson's counterclaim.

5.      Brooke Bashaw's undersigned counsel has previously written to Jeremiah Johnson's legal counsel and advised same that Jeremiah Johnson' counterclaim against Brooke

Bashaw is being (maliciously) prosecuted by Jeremiah Johnson and his legal counsel without legal, factual and/or evidentiary support and that said counterclaim should be dismissed as soon as practicable.

6.      On information and belief, Jeremiah Johnson is not the real party in interest in that the subject Apple iPod, iPad and computers at issue in this litigation were purchased by and were owned by The Law Firm of Jeremiah Johnson, P.A. and not Jeremiah Johnson.

7.      Brooke Bashaw was expressly and implicitly authorized by both Jeremiah Johnson and The Law Firm of Jeremiah Johnson, P.A. to utilize and work on and with the subject Apple iPod, iPad and computers at issue in this litigation as a then employee of The Law Firm of Jeremiah Johnson, P.A.

8.      Jeremiah Johnson's alleged claims and damages are not stated with specific and/or sufficient particularity to comprise a "short and plain statement of the claim showing that the pleader is entitled to relief", and thus Jeremiah Johnson's counterclaim should be dismissed pursuant to FRCP 8(a)(2).

9.      Jeremiah Johnson has not suffered any damages (or "loss" as defined under the CFAA) as a proximate result of Brooke Bashaw's alleged conduct and any damages allegedly sustained by Jeremiah Johnson or his law practice are solely the result of his own criminal, unprofessional and civilly actionable conduct.

10.     Jeremiah Johnson never had Brooke Bashaw's authorization to photograph or record Brooke Bashaw's undergarments.

11.     Brooke Bashaw's former legal counsel had a professional duty to Brooke Bashaw and were acting consistent with that duty to investigate Jeremiah Johnson's and Jeremiah Johnson's lawyer's threat(s) during the mediation of this matter that Brooke Bashaw could be

subjected to criminal liability and/or prosecution for catching Jeremiah Johnson in his unauthorized surveillance and recording of Brooke Bashaw's undergarments.

WHEREFORE, for Brooke Bashaw's Answer and Affirmative Defenses to Jeremiah Johnson's counterclaim, Brooke Bashaw prays that this Court dismiss Jeremiah Johnson's counterclaim and enter judgment in favor of Brooke Bashaw and against Jeremiah Johnson, and for a monetary sanction against Jeremiah Johnson and his legal counsel for the frivolous filing of Jeremiah Johnson's counterclaim pursuant to Rule 11 of the Federal Rules of Civil Procedure (including but not limited to Brooke Bashaw's reasonable attorney's fees in having to defend Jeremiah Johnson's frivolous counterclaim) and for all costs incurred, and for any other and further relief which the Court may deem just and proper.

Dated this 7th day of February, 2012.

Respectfully submitted,

_s/ A. Scott Waddell_
A. Scott Waddell          KS# 20955
Waddell Law Firm LLC
2029 Wyandotte, Suite 100
Kansas City, MO 64108
Telephone: 816.221.2555
Facsimile: 816.221.2508
E-mail: scott@aswlawfirm.com
**ATTORNEY FOR BROOKE BASHAW**

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was sent electronically via the Court's ECF filing system on February 7, 2012 to the following:

Richard T. Merker
Wallace, Saunders, Austin, Brown, & Enochs, CHTD.
10111 West 87th Street
P.O. Box 12290
Overland Park, KS 66282
Telephone:  913.888.1000
Facsimile:  913.888.1065
rmerker@wallacesaunders.com
ATTORNEYS FOR JEREMIAH JOHNSON

Jason P. Roth
Patrick Copley
COPLEY ROTH & WILSON, LLC
7300 College Blvd., Suite 175
Overland Park, KS 66210
Telephone: 913.451.9500
Facsimile: 913.451.9501
jason@crwlawyers.com
patrick@crwlawyers.com
ATTORNEYS FOR KATIE SELLERS

Anne Schiavone
HOLMAN SCHIAVONE, LLC
4600 Madison Ave., Suite 810
Kansas City, MO 64112
Telephone: 816.283.8738
Facsimile: 816.283.8739
aschiavone@hslawllc.com
ATTORNEYS FOR LAUREN SPALSBURY