IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BROOKE BASHAW, et al., )
)
Plaintiffs, )
)
v. ) Case No. 11-2693-JWL
)
JEREMIAH JOHNSON, )
)
Defendant. )

**ORDER**

Plaintiffs Brooke Bashaw, Katie Sellers, and Lauren Spalsbury worked as office staff in the law office of defendant Jeremiah Johnson. They allege in this diversity action that defendant used unauthorized video surveillance to secretly record their legs and underpants while they were sitting at a particular desk. Defendant has filed a motion **(doc. 4)** asking the court to seal the record in this case, including all pleadings, discovery, and depositions currently filed or filed in the future. Because defendant has not overcome the presumption in favor of public access to judicial records, the motion is denied.

"Courts have long recognized a common-law right of access to judicial records."[1] The right is premised on "the overriding concern with preserving the integrity of the law enforcement and judicial processes."[2] "The public has an interest 'in understanding disputes

---

[1]*Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (citing *Nixin v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)).

[2]*Riker v. Fed. Bureau of Prisons*, 315 F. App'x 752, 754–55(10th Cir. 2009) (quoting *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985)).

that are presented to a public forum for resolution' and 'in assuring that the courts are fairly run and judges are honest.'"[3] The right of access, however, is not absolute and can be outweighed by competing interests.[4] Courts may, in their discretion, exercise their supervisory power over their own records and seal documents if they determine that the public's right of access has been outweighed.[5]

The court begins with the presumption that the interest of the public in open access to the records in this case is paramount.[6] "The party seeking to overcome the presumption," in this case defendant, "bears the burden of showing some significant interest that outweighs the presumption."[7] The burden is a "heavy" one, and defendant "must articulate a real and substantial interest that justifies depriving the public of access to the records that inform [the court's] decision-making process."[8]

---

[3]*Ramirez v. Bravo's Holding Co.*, No. 94-2396, 1996 WL 507238, at *1 (D. Kan. Aug. 22, 1996) (quoting *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)).

[4]*Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011).

[5]*Riker*, 315 F. App'x at 755.

[6]*Helm*, 656 F.3d at 1292; *see also Riker*, 315 F. App'x. at 755 ("Judicial records are public documents almost by definition, and the public is entitled to access by default." (internal quotation marks and citation omitted)).

[7]*Mann*, 477 F.3d at 1149 (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)).

[8]*Helm*, 656 F.3d at 1292–93.

Defendant sets out a number of reasons why, in his opinion, the record in this case should be sealed.[9] All fail to convince the court that an interest exists which overcomes the public's right to access the records in this case.

First, defendant notes that the parties engaged in a pre-suit mediation wherein information was discussed subject to a confidentiality agreement. The parties' obligations under a confidentiality agreement alone are not so significant as to outweigh the public's right to access documents that will affect the court's resolution of this case.[10]

Second, defendant argues that plaintiffs might provide pleadings, discovery, or depositions in this case to the Johnson County District Attorney's Office. Defendant asserts that plaintiffs have already provided the Assistant District Attorney information obtained during the mediation, and the Assistant District Attorney is considering bringing criminal charges against defendant. Defendant also argues that he will be harmed if this case is not sealed because "a criminal prosecutor would have access to testimony of the Defendant in the civil case which he would not have access to in a criminal setting."[11] Defendant has cited no authority suggesting that his interest in not being criminally prosecuted overcomes the

---

[9]A number of these reasons are inappropriately developed for the first time in defendant's reply brief, but the court will nonetheless discuss why they are insufficient to satisfy defendant's burden.

[10]*See N.J. v. Sprint Corp.*, No. 03-2071, 2010 WL 5416837, at *2 (Dec. 17, 2010) (holding that documents should not be sealed simply because they were deemed confidential under an agreed protective order).

[11]Doc. 10 at 4.

public's interest in open records. Cases involving civil defendants who might face criminal charges are numerous and not sealed. Defendant may, of course, elect to assert his Fifth Amendment privilege against self incrimination in this civil action. But, especially given the fact that no criminal charges have been filed, the court finds no concrete, significant harm that justifies sealing the entire record in this case.

Third, defendant argues that his business and reputation could be damaged if the documents in this case are open to the public. Defendant has submitted no evidence to support this speculative harm. Defendant notes that a local news station has already reported on this case as a "feature story" on "at least three occasions on December 21, 2011,"[12] yet defendant has not reported any adverse effect on his business as a result of the publicity. Moreover, even assuming defendant's business reputation could be tarnished, courts have not found such harm sufficient to overcome the presumption in favor of access.[13]

Fourth, defendant asserts that clients he represents in legal matters might be negatively impacted if this case receives public attention. Defendant does not specify what

[12]Doc. 4-1 at 3.

[13]*See, e.g., Helm*, 656 F.3d at 1292–93 (in case brought by administrative assistant alleging workplace sexual harassment by a judge, the parties did "not come close to meeting that heavy burden" of articulating "a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process"); *Allen v. Kline*, No. 07-2037, 2007 WL 3396470, at *2 (D. Kan. Nov. 13, 2007) (holding that neither negative political consequence to a non-party accused of witness tampering, nor embarrassment of the witness who was the subject of the alleged tampering were harms that outweighed the public's right of access to judicial records).

sort of harm might befall his clients, nor the likelihood of such harm. Defendant's bare statements cannot overcome the presumption of public access.[14]

Finally, defendant states that sealing the record is necessary so that unspecified "private and embarrassing facts of non-parties" are not revealed. Again, such an unsupported and vague harm cannot outweigh the right of open access. And, in general, embarrassment to a non-party is insufficient to justify sealing the record.[15]

Defendant has not satisfied the heavy burden of demonstrating a harm that overcomes the public's right of access to judicial records, and his motion is denied. Nothing in this order, however, precludes defendant from seeking the entry of a Fed. R. Civ. P. 26(c) protective order with respect to specific, targeted discovery. Moreover, if the parties wish to submit a stipulated protective order to facilitate the exchange of information in this case, the court will certainly review it.

IT IS SO ORDERED.

Dated February 17, 2012, at Kansas City, Kansas.

---

[14] *See Worford v. City of Topeka*, No. 03-2450, 2004 WL 316073, at *1 (D. Kan. Feb. 17, 2004) ("Documents should be sealed only on the basis of articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture."), *cited in Srader v. Richardson*, No. 10-3209, 2011 WL 1885858, at *2 (D. Kan. May 18, 2011) (holding that "plaintiff's bare statements concerning his medical records are not sufficient to overcome the presumption of public access").

[15] *See, e.g., Mann*, 477 F.3d at 1149 (holding that non-party's embarrassment over public revelation that he was diagnosed with Alzheimer's disease was not "sufficiently critical to outweigh the strong presumption in favor of public access to judicial records); *Allen*, 2007 WL 3396470, at *2 (holding that non-party's embarrassment did not outweigh the public's right of access to judicial records).

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge