(Rev. 10/2011)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BROOKE BASHAW, KATIE SELLERS, )
and LAUREN SPALSBURY, )
 )
          Plaintiffs, )
 )
v. ) Case No. 11-2693-JWL
 )
JEREMIAH JOHNSON, )
 )
          Defendant. )

## SCHEDULING ORDER

On March 9, 2012, pursuant to Fed. R. Civ. P. 16(b), the court conducted a telephone scheduling conference in this case with the parties.[1] Plaintiff Brooke Bashaw appeared through counsel, A. Scott Waddell. Plaintiff Katie Sellers appeared through counsel, Jason P. Roth and Patrick G. Copley. Plaintiff Lauren Spalsbury appeared through counsel, Anne W. Schiavone. The defendant, Jeremiah Johnson, appeared through counsel, Richard T. Merker.

This case is complicated, not so much factually but because of the potential of criminal charges being filed against defendant, personal and professional insurance coverage issues that could directly and indirectly affect both defendant and all three plaintiffs, and the

---

[1] As used in this scheduling order, the term "plaintiff" includes plaintiffs as well as counterclaimants, cross-claimants, third-party plaintiffs, intervenors, and any other parties who assert affirmative claims for relief. The term "defendant" includes defendants as well as counterclaim defendants, cross-claim defendants, third-party defendants, and any other parties who are defending against affirmative claims for relief.

likelihood that a new attorney very soon will assume defendant's civil representation. Accordingly, as discussed at length and then agreed during the scheduling conference, the court has built in considerably more time than is customary for these issues to be sorted out. If defendant's criminal exposure is resolved sooner than expected, then counsel shall contact the court to request a more expedited schedule. Further, the schedule imposed today is without prejudice to the right of defendant's new lawyer to file a motion and supporting brief seeking a protective order that stays some or all discovery in this case until the potential criminal matter is completely resolved. But to be clear, even though the parties' initial disclosures under Fed. R. Civ. P. 26(a)(1) are not due for several months, the parties are free to pursue targeted discovery before then, whether that involves defendant's former law partner or otherwise.

The court now enters this scheduling order, summarized in the table that follows:

| SUMMARY OF DEADLINES AND SETTINGS ||
|---|---|
| Event | Deadline/Setting |
| Plaintiff's settlement proposal | September 20, 2012 |
| Defendant's settlement counter-proposal | October 12, 2012 |
| Confidential settlement reports to magistrate judge | November 1, 2012 |
| Initial disclosures identified and exchanged | August 14, 2012 |
| All discovery completed | March 1, 2013 |
| Experts disclosed by plaintiff | December 14, 2012 |
| Experts disclosed by defendant | January 16, 2013 |
| Independent medical examinations | January 9, 2013 |
| Supplementation of disclosures | 40 days before the deadline for completion of all discovery |
| Jointly proposed protective order submitted to court | September 12, 2012 |
| Motion and brief in support of proposed protective order (only if parties disagree about need for and/or scope of order) | September 12, 2012 |
| Motions to dismiss for lack of personal jurisdiction, venue, propriety of the parties, or failure to state a claim | April 26, 2012 |
| Motions to join additional parties or otherwise amend the pleadings | October 26, 2012 |
| All other potentially dispositive motions (e.g., summary judgment) | May 3, 2013 |
| Motions challenging admissibility of expert testimony | no later than 28 days before trial |
| Comparative fault identification | October 19, 2012 |
| Final pretrial conference | March 18, 2013, at 9:00 a.m. |
| Proposed pretrial order due | March 8, 2013 |
| Trial | September 3, 2013, at 9:30 a.m. |

**1.	Alternative Dispute Resolution (ADR).**

By **September 20, 2012**, plaintiff shall submit to defendant a good faith proposal to settle the case.  By **October 12, 2012**, defendant shall make a good faith response to plaintiff's proposal, either accepting the proposal or submitting defendant's own good faith proposal to settle the case.  By **November 1, 2012**, each of the parties shall submit independently, by way of e-mail or letter (preferably the former), addressed to the magistrate judge (but not the district judge), a confidential settlement report.  These reports shall briefly set forth the parties' settlement efforts to date, current evaluations of the case, views concerning future settlement negotiations and the overall prospects for settlement, and a specific recommendation regarding mediation and/or any other ADR method.  These reports need not be served upon opposing parties and **shall not** be filed with the Clerk's Office. The court may thereafter order participation in an ADR process.  An ADR report, on the form located on the court's Internet website,  must be filed by defense counsel within 5 days of any scheduled ADR process *(http://www.ksd.uscourts.gov/adr-report/)*.

**2.	Discovery.**

a.	The parties shall exchange by **August 14, 2012** the information required by Fed. R. Civ. P. 26(a)(1).  By that same date, in order to facilitate settlement negotiations and to avoid unnecessary expense, the parties have agreed that, without any need for formal requests for production, copies of the various documents described in the parties' respective Rule 26(a)(1) disclosures shall be exchanged or made available for inspection and copying. The parties are reminded that, although Rule 26(a)(1) is keyed to disclosure of information

that the disclosing party "may use to support its claims or defenses, unless solely for impeachment," the advisory committee notes to the 2000 amendments to that rule make it clear that this also requires a party to disclose information it may use to support its denial or rebuttal of the allegations, claim, or defense of another party. In addition to other sanctions that may be applicable, a party who without substantial justification fails to disclose information required by Fed. R. Civ. P. 26(a) or Fed. R. Civ. P. 26(e)(1) is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed. *See* Fed. R. Civ. P. 37(c)(1).

    b.    All discovery shall be commenced or served in time to be completed by **March 1, 2013**.

    c.    The parties intend to serve disclosures and discovery electronically, as permitted by D. Kan. Rules 5.4.2 and 26.3.

    d.    At this time the parties do not anticipate any discovery issues for the court to resolve.

    e.    Consistent with the parties' agreements as set forth in the planning conference report submitted pursuant to Fed. R. Civ. P. 26(f), electronically stored information (ESI) in this case will be handled as follows:

> To the extent that ESI is currently in hard copy, the parties will produce the same as it is kept in hard copy format. In the event either party wishes to discover ESI associated with a paper document, the party will notify the other party in writing and identify the specific documents by Bates numbers. The party requesting ESI will also identify the nature of ESI it is seeking and the format or medium in which it would like the ESI produced. The parties will then confer in good faith regarding the availability of the requested ESI and

any expenses associated with the production of such information. If the requesting party intends to seek discovery of ESI from sources identified as not reasonably accessible, the parties will discuss: (1) the burdens and costs of accessing and retrieving the information; (2) the needs that may establish good cause for requiring production of all or part of the information, even if the information sought is not reasonably accessible; and (3) conditions on obtaining and producing this information, and reach an agreement on the discovery. Defendant's counsel has represented to plaintiff that it has satisfied its duty to preserve all relevant information. Plaintiffs' counsel have also represented to defendant's counsel that plaintiffs have satisfied their duty to preserve all relevant information.

  f. Consistent with the parties' agreements as set forth in their Rule 26(f) report, claims of privilege or of protection as trial-preparation material asserted after production will be handled as follows:

  If a producing party inadvertently or mistakenly produces information, documents or tangible items that should have been withheld on the basis of privilege or work product protection, such production shall not prejudice such claim or otherwise constitute a waiver of any claim of attorney-client privilege or work product immunity, provided that the producing party promptly makes a good-faith representation that such production was inadvertent or mistaken and takes prompt remedial action to withdraw the disclosure upon its discovery. Within three (3) business days of receiving a written request to do so from the producing party, the receiving party shall return any documents or tangible items that the producing party represents are covered by a claim of attorney-client privilege or work product immunity and were inadvertently or mistakenly produced.

  The receiving party shall also destroy all copies or summaries of, or notes relating to, any such inadvertently or mistakenly produced information; provided, however, that such an order shall not preclude the party returning such information from making a motion to compel production of the returned information on a basis other than a waiver because of its inadvertent production as part of a discovery production under this protective order. The producing party shall retain copies of all returned documents and tangible items for further disposition.

      g.      No party shall serve more than 25 interrogatories, including all discrete subparts, to any other party.

      h.      There shall be no more than 15 depositions by plaintiff and 15 by defendant.

      i.      Each deposition shall be limited to 4 hours, except for depositions of parties which shall be limited to 6 hours. All depositions shall be governed by the written guidelines that are available on the court's Internet website,

*(http://www.ksd.uscourts.gov/deposition-guidelines/)*.

      j.      Disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, shall be served by plaintiff by **December 14, 2012**, and by defendant by **January 16, 2013**. The parties have stipulated that rebuttal experts will not be permitted in this case. The parties shall serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 11 days after service of the disclosures upon them. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all of the information required by Rule 26(a)(2)(B) has been provided, such as lists of prior testimony and publications). These objections need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel shall confer or make a reasonable effort to confer consistent with requirements of D. Kan. Rule 37.2 before filing any motion based on those objections. As noted below, any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 must be filed and served within 30

days of the default or service of the response, answer, or objection which is the subject of the motion, unless the time for filing such a motion is extended for good cause shown; otherwise, the objection to the default, response, answer, or objection shall be deemed waived. *See* D. Kan. Rule 37.1(b).

    k.    The parties shall complete all Fed. R. Civ. P. 35 physical or mental examinations by **January 9, 2013**. If the parties disagree about the need for or the scope of such an examination (and they do), a formal motion shall be filed sufficiently in advance of this deadline in order to allow the motion to be fully briefed by the parties and decided by the court before the examination deadline.

    l.    Supplementations of disclosures under Fed. R. Civ. P. 26(e) shall be served at such times and under such circumstances as required by that rule. In addition, such supplemental disclosures shall be served in any event 40 days before the deadline for completion of all discovery. The supplemental disclosures served 40 days before the deadline for completion of all discovery must identify the universe of all witnesses and exhibits that probably or even might be used at trial. The rationale for the mandatory supplemental disclosures 40 days before the discovery cutoff is to put opposing counsel in a realistic position to make strategic, tactical, and economic judgments about whether to take a particular deposition (or pursue follow-up "written" discovery) concerning a witness or exhibit disclosed by another party before the time allowed for discovery expires. Counsel should bear in mind that seldom should anything be included in the final Rule 26(a)(3) disclosures, which as explained below usually are filed 21 days before trial, that has not

previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto; otherwise, the witness or exhibit probably will be excluded at trial. *See* Fed. R. Civ. P. 37(c)(1).

      m.    At the final pretrial conference after the close of discovery, the court will set a deadline, usually 21 days prior to the trial date, for the parties to file their final disclosures pursuant to Fed. R. Civ. P. 26(a)(3)(A)(i), (ii) & (iii). As indicated above, if a witness or exhibit appears on a final Rule 26(a)(3) disclosure that has not previously been included in a Rule 26(a)(1) disclosure (or a timely supplement thereto), that witness or exhibit probably will be excluded at trial. *See* Fed. R. Civ. P. 37(c)(1).

      n.    Discovery in this case may be governed by a protective order. If the parties agree concerning the need for and scope and form of such a protective order, their counsel shall confer and then submit a jointly proposed protective order by **September 12, 2012**. Such jointly proposed protective orders should be drafted in compliance with the written guidelines that are available on the court's Internet website:

*(http://www.ksd.uscourts.gov/guidelines-for-agreed-protective-orders-district-of-kansas/)*
At a minimum, such proposed orders shall include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c). If the parties disagree concerning the need for, and/or the scope or form of a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum by **September 12, 2012**.

previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto; otherwise, the witness or exhibit probably will be excluded at trial. *See* Fed. R. Civ. P. 37(c)(1).

    m.    At the final pretrial conference after the close of discovery, the court will set a deadline, usually 21 days prior to the trial date, for the parties to file their final disclosures pursuant to Fed. R. Civ. P. 26(a)(3)(A)(i), (ii) & (iii). As indicated above, if a witness or exhibit appears on a final Rule 26(a)(3) disclosure that has not previously been included in a Rule 26(a)(1) disclosure (or a timely supplement thereto), that witness or exhibit probably will be excluded at trial. *See* Fed. R. Civ. P. 37(c)(1).

    n.    Discovery in this case may be governed by a protective order. If the parties agree concerning the need for and scope and form of such a protective order, their counsel shall confer and then submit a jointly proposed protective order by **September 12, 2012**. Such jointly proposed protective orders should be drafted in compliance with the written guidelines that are available on the court's Internet website:

*(http://www.ksd.uscourts.gov/guidelines-for-agreed-protective-orders-district-of-kansas/)*
At a minimum, such proposed orders shall include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c). If the parties disagree concerning the need for, and/or the scope or form of a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum by **September 12, 2012**.

o. To avoid the filing of unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for the briefing or hearing of a motion, or for trial. *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(a). Nor does this apply to modifying the requirements of Fed. R. Civ. P. 26(a)(2) concerning experts' reports. *See* D. Kan. Rule 26.4(b).

**3. Motions.**

a. Provided that such defenses have been timely preserved, any motions to dismiss for lack of personal jurisdiction, venue, propriety of the parties, or failure to state a claim upon which relief can be granted shall be filed by **April 26, 2012**.

b. Any motion for leave to join additional parties or to otherwise amend the pleadings shall be filed by **October 26, 2012**.

c. All other potentially dispositive motions (e.g., motions for summary judgment) shall be filed by **May 3, 2013**.

d. All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, shall be filed no later than 28 days prior to trial.

e. Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 shall be filed and served within 30 days of the default or service of the response, answer, or objection which is the subject of the motion, unless the time for filing such a motion is

extended for good cause shown.  Otherwise, the objection to the default, response, answer, or objection shall be waived.  *See* D. Kan. Rule 37.1(b).

**4.     Other Matters.**

a.      By **October 19, 2012**, any party asserting comparative fault shall identify all persons or entities whose fault is to be compared.

b.      Pursuant to Fed. R. Civ. P. 16(e), a final pretrial conference is scheduled for **March 18, 2013, 9:00 a.m.**, in the U.S. Courthouse, Room 236, Kansas City, Kansas, or by telephone if the judge determines that the proposed pretrial order is in the appropriate format and that there are no other problems requiring counsel to appear in person.  Unless otherwise notified, the undersigned magistrate judge will conduct the conference.  No later than **March 8, 2013**, defendant shall submit the parties' proposed pretrial order (formatted in WordPerfect 9.0, or earlier version) as an attachment to an Internet e-mail sent to *ksd_ohara_chambers@ksd.uscourts.gov*.  The proposed pretrial order shall not be filed with the Clerk's Office.  It shall be in the form available on the court's Internet website (*www.ksd.uscourts.gov*), and the parties shall affix their signatures according to the procedures governing multiple signatures set forth in paragraphs II(C) of the *Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases*.

c.      The parties expect the trial of this case to take approximately 4-5 days.  This case is set for trial on the court's docket beginning on **September 3, 2013, at 9:30 a.m.**  Unless otherwise ordered, this is not a "special" or "No. 1" trial setting.  Therefore, during

the month preceding the trial docket setting, counsel should stay in contact with the trial judge's courtroom deputy to determine the day of the docket on which trial of the case actually will begin. The trial setting may be changed only by order of the judge presiding over the trial.

        d.        The parties are not prepared to consent to trial by a U.S. Magistrate Judge at this time.

        e.        The arguments and authorities section of briefs or memoranda submitted shall not exceed 30 pages, absent an order of the court.

This scheduling order shall not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated March 9, 2012, at Kansas City, Kansas.

*James P. O'Hara*

_____
James P. O'Hara
U.S. Magistrate Judge