## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

BROOKE BASHAW,           )
                                  )
and                           )
                                  )
KATIE SELLERS,           )
                                  )
and                           )      Case No.:  11-CV-2693 JWL/JPO
                                  )
LAUREN SPALSBURY,      )
                                  )
      *Plaintiffs/Counterclaim Defendants*,   )
                                  )
*vs.*                            )
                                  )
JEREMIAH JOHNSON,      )
                                  )
      *Defendant/Counterclaim Plaintiff.*   )

### PLAINTIFFS LAUREN SPALSBURY AND KATIE SELLERS' REPLY SUGGESTIONS IN SUPPORT OF THEIR MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO FRCP 12(b)(6)

### INTRODUCTION

Defendant spends several pages of his response attempting to convince this Court that he has sufficiently plead a counterclaim under the Computer Fraud and Abuse Act as it relates to his identification of individuals as well as electronic devices. Despite his response, it is apparent that Count I of the Counterclaim is wholly insufficient.

More specifically, defendant has provided no specific information as to which plaintiff allegedly engaged in the actions at issue nor does he allege with any specificity the type of device at issue. Rather, defendant alleges that "one or more of the plaintiffs, accessed, altered, copied, removed, and irreversibly changed information on the iPhone, iPad, and computers in questions..." ¶ 14 of Counterclaim, see also ¶ 13.  He makes conclusory allegations, throwing everything at the wall and hoping something might stick. Unfortunately for defendant,

1

"[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim". *Pillsbury, Madison & Sutro v. Lerner*, 31 F. 3d 924, 928 (9th Cir. 1994).

Plaintiffs do not dispute that the CFAA covers a whole host of claims; however, more than conclusory allegations are required to defeat a motion to dismiss. In all of the cases cited by defendant, there were specific acts at issue. Defendant cannot and has not made sufficient allegations in the Counterclaim as it relates to who, what, where and how. Defendant should not be permitted to rely on his conclusory allegations to sustain his claim and it is for this reason alone that Counterclaim I should be dismissed.

With respect to defendant's "damages" or "loss" sustained, his counterclaim is again wholly insufficient. In his opposition, at no time does defendant even bother to explain how he comes close to meeting the statutory threshold of $5,000 in "loss". Indeed, though he goes to great lengths to espouse a "broad view" of "loss," he makes no effort whatsoever to demonstrate by reference to his complaint that he sufficiently pled what must be part of "loss," e.g., "costs in responding to the offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service." 18 U.S.C. § 1030(e)(11).

In fact, the only remote reference to this "loss" for purposes of establishing the minimum $5,000 threshold is that "defendant has been damaged and that the damages **would exceed** at least $5,000.00 in value and would be a threat or invasion of the public interest and confidential information contained therein". (emphasis added) ¶15 of Counterclaim. Defendant states that his damages <u>would exceed</u>, not that he has experienced such damages. This statement and allegation clearly does not support a plausible claim of $5,000 in loss as required by the statute.

**A.    Defendant has neither adequately plead, nor can it plausibly claim "Damage" Under the CFAA**

As stated above, defendant simply has not and cannot state any facts that any such "damage," i.e., "any impairment to the integrity or availability of data, a program, a system, or information" occurred. 18 U.S.C. § 1030(e)(8). Additionally, defendant has not alleged loss but merely possible future loss. ¶15 of the Counterclaim. This is simply "an unadorned, the-defendant-unlawfully-harmed-me accusation" entitled to no assumption of truth. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-1950 (2009).

To establish a CFAA claim, defendant must allege that plaintiffs intentionally accessed a protected computer without authorization and, as a result, caused an annual loss of at least $5,000. 18 U.S.C. § 1030(g); 18 U.S.C. § 1030(c)(4)(A)(i)(I). Defendant must allege some facts demonstrating "loss," within the meaning of the first portion of the statute, i.e., "...the cost of responding to the offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense..." which this plaintiff has not and cannot do.

Defendant cites at least two cases which are superseded by statutory modification, as to the term "loss" being explicitly defined in 2001, and are therefore not even remotely helpful. *EF Culture Travel BV v. Exploroca, Inc.*, 274 F.3d 577 (1st Cir.2001); *Shurgard Storage Centers, Inc. v. Safeguard Self Storage, Inc.*, 119 F.Supp.2d 1121 (W.D.Wash.2000). As the Court is aware, on or after October 26, 2001, Congress amended the CFAA in relevant part, by defining the term "loss" in subsection (e)(11). *See* USA Patriot Act of 2001, Pub.L. No. 107-56, § 814(d)(5). As a result, these cases should be plainly disregarded.

Defendant's complaint is fatally flawed regardless of how broad of an interpretation is given to the term "loss," as it pleads no facts demonstrating "loss" within any meaning of the

3

statute.  He simply alleges that "as a direct and proximate result of the actions of Plaintiffs while acting individually and/or in concert, the defendant has been damaged in that the damages **would exceed at least $5000** in value and would be a threat or invasion of the public interest and confidential information contained therein". (emphasis added) ¶ 15 of Counterclaim.

Not only does defendant fatally not allege actual loss, he does not allege any basis for computation of such loss or even that he incurred actual loss.  He conducted no repairs.  He conducted no damage assessment.  His firm did not lose service.  His firm did not lose revenue. He suffered no loss.  In this regard, Counterclaim I is fatally flawed.

**B.      Defendant has neither adequately plead, nor can it plausibly claim facts of "without authorization or exceeds authorization" under the CFAA**

In its effort to convince the Court not to dismiss this matter, defendant cites a number of cases for the proposition that one exceeds authority under the CFAA when he/she acts against the interest of his/her employer. However, none are remotely similar to the claim at hand. *Shurgard,* 119 F.Supp.2d at 1129 (holding that an employee, who by virtue of his employment was authorized to access his employer's computers, became "without authorization" when he became an "agent" for the defendant, one of his employer's competitors, to whom he sent e-mails containing his employer's trade secrets and other proprietary information); *HUB Group v. Clancy*, 2006 WL 208694 (entering of a temporary restraining order directing defendant to cease using or disclosing any confidential proprietary information that defendant obtained from HUB while an employee there); *EF Cultural Travel BV,* 318 F.3d at 62 (holding that an employee breached his confidentiality agreement with his ex-employer when the employee used confidential information he obtained as an employee to obtain information from his ex-employer's website). *I.M.S. Inquiry management Systems, LTD v. Berkshire Information Systems, Inc.,* 307 F. Supp. 2d 521 (holding that plaintiff has alleged damages and loss under CFAA

wherein plaintiff claimed that defendant intentionally and without authorization accessed plaintiff's e basket content and copied report formats and compiled market data).

Defendant makes no effort to allege what was "accessed, altered, copied, removed, and irreversibly changed..." without consent or authorization. As a result, Counterclaim I is factually devoid of anything to support a claim under the CFAA. It is for these reasons that plaintiff Spalsbury and plaintiff Seller's request that the counterclaim be dismissed in its entirety with prejudice.

**COUNT II**

Defendant states in the first paragraph of Section III of his Response to Plaintiff Lauren Spalsbury's and Katie Sellers' Motion to Dismiss that he has "pled the elements of ***a number*** of causes of action related to Plaintiffs' actions."  (Emphasis added).  This simply is not true. Defendant goes on to state in the following paragraph that he believes he has pled in Count II of his Counterclaim Complaint claims for negligent and intentional interference with potential business relations.  Defendant leaves open the possibility that he has somehow pled **even other** causes of action in Count II of the Counterclaim Complaint ("Plaintiff's motion to dismiss...ignores other potential claims..., ***including but not limited to***...interference with potential business relations.") (Emphasis added).  Count II of his Counterclaim Complaint fails to state a claim for any cause of action.

A. **Defendant Does Not State a Claim for Negligent or Intentional Tortious With Potential Business Relations**.

Kansas recognizes a cause of action for tortious interference with a prospective business advantage or relationship.  *Turner v. Halliburton Co.*, 240 Kan. 1, 12, 722 P.2d 1106 (1986). The elements for this tort are:  (1) the existence of a business relationship or expectancy with the probability of future economic benefit to the plaintiff; (2) knowledge of the relationship or

5

expectancy by the defendant; (3) that, except for the conduct of the defendant, plaintiff was reasonably certain to have continued the relationship or realized the expectancy; (4) intentional misconduct by defendant; and (5) damages suffered by plaintiff as a direct or proximate cause of defendant's misconduct. *Id.* (*citing Maxwell v. Southwest Nat. Bank, Wichita, Kan.*, 593 F.Supp. 250, 253 (D.Kan.1984). Simply put, Defendant wholly fails to plead this cause of action. Defendant does not allege one "business relationship" or the "expectancy" of a "business relationship" of which Defendant was to gain an economic benefit. (Element one). Because Defendant fails to allege one "business relationship" or any "expectancy," Defendant does not meet elements 2 through 5 of the cause. Defendant does not plead that the Plaintiffs, jointly or independently, had knowledge of any "relationship" or "expectancy." (Element two). Defendant fails to allege any conduct on the part of Plaintiffs, jointly or independently, that caused any "relationship" to cease or "expectancy" to come to fruition. (Element three). The cause is not pled.

As for Defendant's statement that he makes a claim in Count II of his Counterclaim Complaint for "negligent interference with potential business relations," no such cause-of-action exists in this state.

**B.  Reply to Section III.A. of Defendant's Response Brief**.

Defendant argues in this short four (4) sentence section of his Response that because Plaintiffs do not in some manner "dispute" the alleged contract breach that Plaintiffs' Motion should be denied. A Motion to Dismiss filed pursuant to Federal Rule 12(b)(6) is a test of *the allegations*. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569, 127 S.Ct. 1955 (2007) (emphasis added). Contesting or arguing the merits of a party's piecemeal allegations is not the purpose of a Motion to Dismiss for Failure to State a Claim. Further, nowhere in Plaintiffs'

Motion to Dismiss do Plaintiffs allege that the "mediation agreement...should not apply to them," as stated in the fourth sentence of section A.  Defendant's Section III.A. of Defendant's Response Brief is misleading and misconstrues Plaintiffs' arguments.

### C.  Reply to Sections III.B and III.C of Defendant's Response Brief.

In Section III.B. of his Response, Defendant lays-out case quotes pertaining to the confidentiality of court-sponsored mediation sessions and the use of confidentiality provisions in Federal Court early assessment mediation programs.  The section does not assist the Court in its analysis to the Motion at bar.

In section III.C., Defendant again misconstrues and misstates Plaintiffs' arguments. Defendant states that Plaintiffs' position is that "if an attorney feels it is in his or her [client's] best interests [to breach a mediation confidentiality agreement]," an attorney can do so.  No fair reading of Plaintiff's Motion to Dismiss can lead one to this conclusion.

### D.  Reply to the Second Section III.C. of Defendant's Response Brief.

Defendant's second section III.C. (labeled as section C by mistake; it should be "section D"), addresses Plaintiffs' main argument:  Defendant's damages, as alleged in the Counterclaim Complaint, are too speculative to support or state a claim for breach of contract.  Indeed, Defendant's damages **are** too speculative to support a claim for breach of contract against Plaintiffs.  Defendant alleges as a category of damages "the *potential* that the matter under investigation by the Johnson County District Attorney's office would be formally commenced against Defendant. . . ."  (Defendant's Counterclaim Complaint, ¶ 31) (Emphasis added).  As of the filing of the instant Reply Brief, no criminal charges have been filed against Defendant.  This category of damages is clearly speculative.  Defendant further alleges damages of "attorney's fees and costs," but prior to the date of Plaintiffs' alleged contract breach, Defendant was already

under investigation by the Johnson County District Attorney's Office and Defendant had already hired criminal defense counsel. The damages are too speculative to be the basis for a breach of contract claim against these Plaintiffs.

WHEREFORE, based on the argument and authority set forth in Plaintiff Lauren Spalsbury and Katie Sellers' Motion to Dismiss and the above and foregoing Reply Brief in Support, Plaintiffs Lauren Spalsbury and Katie Sellers respectfully request that the Counterclaims alleged by Defendant be dismissed with prejudice, that Plaintiffs be awarded their costs incurred herein, and any further relief this Court deems just and proper.

**HOLMAN SCHIAVONE, LLC**

*s/ Anne Schiavone*
Anne Schiavone, KS# 19669
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
Telephone: 816.283.8738
Facsimile: 816.283.8739
E-mail:          aschiavone@hslawllc.com
**ATTORNEYS          FOR          LAUREN SPALSBURY**

and

**COPLEY ROTH & WILSON, LLC**

*s/ Jason P. Roth*
Jason P. Roth, KS# 20529
Patrick Copley, KS# 20699
7300 College Blvd., Suite 175
Overland Park, Kansas 66210
Telephone: 913.451.9500
Facsimile: 913.451.9501
E-mail: jason@crwlawyers.com
E-mail: patrick@crwlawyers.com
**ATTORNEYS FOR KATIE SELLERS**

8

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2012, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

A. Scott Waddell
WADDELL LAW FIRM LLC
2029 Wyandotte, Suite 100
Kansas City, Missouri 64108
**ATTORNEYS FOR BROOKE BASHAW**

Michael E. McCausland
*Harris McCausland, P.C.*
9233 Ward Parkway, Suite 270
Kansas City, MO  64114

Richard T. Merker
WALLACE, SAUNDERS, AUSTIN
BROWN and ENOCHS, Chartered
10111 West 87th Street
P.O. Box 12290
Overland Park, Kansas 66282

**ATTORNEYS FOR DEFENDANT/COUNTERCLAIM**
**PLAINTIFF JEREMIAH JOHNSON**

                                                       *s/ Jason Roth*
                                                **ATTORNEY FOR KATIE SELLERS**