IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BROOKE BASHAW,
KATIE SELLERS and
LAUREN SPALSBURY,

Plaintiffs,

vs. CASE NO. 11- 2693-JWL

JEREMIAH JOHNSON,

Defendant.

**STIPULATED PROTECTIVE ORDER**

ON STIPULATION OF the parties to this action, it is ORDERED that:

1. This case involves allegations of digital videos that were allegedly stored on computer and electronic equipment used in the daily operations of a law firm. The parties to this action were employees of the law firm. As such, the correspondence and interactions of the parties involves confidential information of the clients of the law firm that are not parties to this action. Further, the computers and electronic equipment that is or may be the subject of discovery in this action also contain confidential information of the clients of the law firm. Hence, appropriate safeguards are required to protect the interests of third persons that are not a party to this action.

2. All Confidential Information produced or exchanged in the course of this litigation may be used by the receiving party solely for the purpose of this litigation.

3. Additional disclosure beyond the terms of this Order may be made if the party designating the information as Confidential Information consents in writing, or if the court, after notice to all affected parties, orders this additional disclosure.

4. In designating information as confidential, the supplying party shall make this designation only as to that information which it in good faith believes is confidential. A party is not obligated to challenge the propriety of a confidentiality designation at the time it is made, and a failure to do so does not preclude a party from making a subsequent challenge. If, at any stage of this litigation, any party to this litigation disagrees with the designation by the supplying party of any information as confidential, the parties shall first make a good faith effort to resolve the dispute informally. If they cannot resolve the dispute, the objecting party may seek appropriate relief from this court. The parties may by stipulation provide for exceptions to this order, and any party may seek an order of this court modifying this Order. The present Order is without prejudice to either party to bring before the court at any time the question of whether any particular information is or is not in fact confidential information. The party asserting Confidential Information has the burden of establishing that it is properly marked as such. Nothing may be regarded as Confidential Information if it is information that:

(a) Is in the public domain at the time of disclosure as evidenced by a written document; or

(b) Becomes part of the public domain, through no fault of the other party, as evidenced by a written document; or

(c) Was in the possession of the receiving party at the time of disclosure, provided that the receiving party can show this by written document.

5. Nothing in this Order prevents a party from using any document or information which has been designated CONFIDENTIAL UNDER PROTECTIVE ORDER at trial, during a hearing, or the like. However, if any confidential documents or information are used for these

purposes, the party seeking to file confidential information must first file a motion with the court and be granted leave to file the particular document under seal.

6. Any document that contains information that is protected by the attorney/client privilege of a third person that is not a party to this litigation, or any electronic device that contains electronically stored information that is protected by the attorney/client privilege of a third person that is not a party to this litigation shall be produced to an independent third person as designated by the agreement of the parties for review and analysis as to any information contained in the document or device that is or could be relevant to this action. To the extent that any such document or information is determined to be potentially relevant to this litigation, the document or information shall be delivered to the court for an in camera review and determination of relevancy and the appropriate protections of the interests of the third person non party holding the attorney/client privilege prior to dissemination to the remaining parties to this action.

7. Nothing in this order shall be construed as an agreement or admission that (1) any information, document or the like designated as "CONFIDENTIAL UNDER PROTECTIVE ORDER" by an opposite party is, in fact, confidential or a trade secret; or that (2) the document, information, or the like is competent, relevant or material. Furthermore, neither the entry into this Order, nor the designation or failure to make a designation of any information, document or the like as Confidential Information, constitutes evidence with respect to any issue in this litigation.

IT IS SO ORDERED.

Dated September 12, 2012, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U. S. Magistrate Judge

Accepted and agreed to:

*/s/Scott Waddell*
A. Scott Waddell
ATTORNEY FOR PLAINTIFF BROOKE BASHAW

*/s/Jason P. Roth*
Jason P. Roth
Patrick Copley
ATTORNEY FOR PLAINTIFF KATIE SELLERS

*/s/Anne Schiavone*
Anne Schiavone
ATTORNEY FOR PLAINTIFF LAUREN SPALSBURY

*/s/Richard Merker*
Richard Merker
ATTORNEY FOR DEFENDANT JEREMIAH JOHNSON

*/s/Mark D. Chuning*
Michael E. McCausland MO#29950
Mark D. Chuning KS#20882
ATTORNEY FOR DEFENDANT JEREMIAH JOHNSON