**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| BROOKE BASHAW, | ) | |
| and | ) | |
| KATIE SELLERS, | ) | |
| and | ) | |
| LAUREN SPALSBURY, | ) | Case No.: 11-CV-02693 JWL/JPO |
| *Plaintiffs/Counterclaim Defendants*, | ) | |
| *v.* | ) | |
| JEREMIAH JOHNSON, | ) | |
| *Defendant/Counterclaim Plaintiff.* | ) | |

**JOINT MOTION OF PLAINTIFFS LAUREN SPALSBURY
AND KATIE SELLERS FOR LEAVE TO FILE
<u>ANSWER OUT OF TIME</u>**

COME NOW Plaintiffs Lauren Spalsbury and Katie Sellers, through counsel, and pursuant to Fed.R.Civ.P. 6(b), move the Court for leave to file their Answers to Defendant's Counterclaim out of time. In support of this motion, Plaintiffs state as follows:

1.      Plaintiffs filed this case on December 20, 2011, asserting claims against Jeremiah Johnson for invasion of privacy, outrage, and breach of fiduciary duty. Doc. #1.

2.      Johnson filed an Answer and Counterclaims on January 18, 2012. Docs. #3 and #4. In response, Lauren Spalsbury and Katie Sellers filed a Motion to Dismiss Johnson's Counterclaims, on February 6, 2012.  Doc. #6.

3.     On May 9, 2012, following briefing by the parties, the Court entered an order granting in part and denying part the Motion to Dismiss filed by Lauren Spalsbury and Katie Sellers.  Doc. #19.  Specifically, the Court dismissed Johnson's claims for Computer Fraud and Abuse Act in Count I against all plaintiffs, and allowed the Breach of Contract claims in Count II to stand.

4.     Unfortunately, following the entry of this Order, counsel inadvertently failed to calendar a deadline to file an Answer on Count II of Johnson's Counterclaims. Recently-served discovery, as well as the parties' communications regarding the scheduling of depositions, caused Plaintiffs' counsel to realize their failure to file Answers.  The failure to do so was not intentional or for reasons of delay, but was inadvertent.

5.     Also, as the Court is also aware, Jeremiah Johnson has been charged with criminal allegations in the Johnson County Kansas District Court.   During the scheduling conference in this matter, counsel and the Court discussed the practicality of scheduling deadlines out into the future in such a way as to allow the criminal matter to run its course.  As such, admittedly, counsel for the Plaintiffs put this case on "the back burner" to some extent, and failed to realize the missed deadline for filing Answers to Johnson's Counterclaim.  Based upon information and belief, the criminal matter is still pending and ongoing, and is set for hearing on October 5, 2012, in Johnson County District Court.

6.     Pursuant to Fed.R.Civ.P 6(b), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time ... on motion made after the time has expired if the party failed to act because of excusable neglect."  Plaintiffs' counsel inadvertently failed to calendar a deadline for filing their Answers to Jeremiah

Johnson's Counterclaim at Count II remaining following the Court's order on Plaintiffs' initial motion to dismiss.  As such, an extension to file the Answers out of time is made for reasons of excusable neglect.  The failure to do so was in error and, counsel submits, constitutes good cause for the granting of an extension of time under Fed.R.Civ.P 6(b).

Based on the facts and circumstances outlined above, Plaintiffs submit that they have met the standard for granting the requested motion for extension of time.  In analyzing whether or not the facts and circumstances presented here qualify as excusable neglect, the Court applies the factors stated in *Pioneer Investment Servs. Co. v. Brunswick Assocs. L.P.,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). As the court stated in *White v. Odell Industries, Inc.,* 2000 WL 127267, p. *1 (D. Kan. 2000):

> In determining whether the excusable neglect standard is met, courts should consider all relevant circumstances, including: "(1) the danger of prejudice to [the nonmoving party], (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith.

*White, supra, citing Pioneer,* 507 U.S. at 395.  Plaintiffs will examine each factor in turn.

**1.    The Absence of Prejudice Weighs in Favor of Granting the Requested Extension of Time.**

It is Plaintiffs' belief that Jeremiah Johnson has not been, and will not be, prejudiced in any way by the granting of this motion.  Granting this request to allow Plaintiffs to file their Answers to Johnson's Counterclaim out of time will not affect Johnson, especially as there has been no immediate deadline for him to meet upon the filing of an Answer by Plaintiffs, since discovery in this case is just beginning, and since no depositions have yet taken place and are not scheduled to begin until November 6,

2012.  Such absence of prejudice weighs in favor of granting Plaintiffs' requested extension of time.

### 2.    The Length of the Delay and its Impact on Judicial Proceedings Also Weighs in Favor of Granting the Requested Motion.

Admittedly, Plaintiffs' Answers are overdue by several months.  However, it is Plaintiffs' good faith belief that the delay has not caused any impact upon Jeremiah Johnson.  Mr. Johnson's counsel have not notified Plaintiffs' counsel of any prejudice by a lack of filing the Answers, nor have they filed any default pleadings on behalf of their client, so Plaintiffs suggest that this factor also weighs in favor of granting Plaintiffs' motion.

### 3.    The Reason for the Delay.

The third *Pioneer* factor is the reason for the delay, including whether it was within the reasonable control of the movant.  In discussing this factor in *White,* the plaintiffs stated their reasons for the delay were a miscommunication within the office of plaintiff's counsel, and that the plaintiff's counsel was unfamiliar with the Court's Local Rules.

Here, the reason for delay was an innocent calendaring error, made while the case continued to progress without any discussion about the failed filing.   It was not a complete disregard for the importance of deadlines, but instead an honest and excusable error in realizing the deadline.  It has always been the undersigned counsels' practice to double-check deadlines and meet them.  However, in this particular instance, counsel failed to do so in a timely fashion.  It was an oversight -- it was not intended to prejudice the Defendant or delay the matter unduly.

In *White,* the court found that the third factor weighed in favor of a finding of excusable neglect, stating:

> The court does not sanction counsel's failure to familiarize himself with the local rules, but the court also recognizes the Pioneer Court's concession that some occasions justify a finding of excusable neglect even when a plaintiff's delay is caused by ignorance of the rules. 507 U.S. at 392. In light of the other factors weighing in plaintiffs' favor, the court believes that this is one such occasion.

*White,* 2000 WL 127267, at p. *2. We respectfully submit that a similar finding is justified here. This is not a situation in which the Plaintiff's counsel ignored a court deadline, or flouted a court Order, but one in which counsel simply failed to appropriately calendar the deadline.

A finding of excusable neglect, "is at bottom an equitable one. " *Pioneer,* 507 U.S. at 395, 113 S.Ct. 1489. Indeed, the basis for the Supreme Court's Ruling in *Pioneer* was primarily that the plaintiff's counsel had suffered a major disruption of his law practice, when he withdrew to form his own firm. *Id.* at 1492. Here, counsel's incorrect calendaring led to the failure to timely file the Answers. Under these circumstances, Plaintiffs urge the Court to exercise its discretion to grant the requested relief, and allow the filing of the Plaintiffs' Answers, based on excusable neglect.

WHEREFORE, Plaintiffs request the Court grant their Motion for leave to file their Answers out of time, within 5 days of the Court's order granting said Motion, and for such other and further relief as the Court deems just and equitable.

HOLMAN SCHIAVONE, LLC


By: _s/ Anne Schiavone_____
    Anne Schiavone, KS Bar# 19669
    Kirk D. Holman, KS Bar# 19558
    Sophie Woodworth, KS Bar #21754
    4600 Madison Avenue, Suite 810
    Kansas City, Missouri 64112
    Telephone: 816.283.8738
    Facsimile: 816.283.8739
    Email: aschiavone@hslawllc.com
    Email: kholman@hslawllc.com
    Email: swoodworth@hslawllc.com

    ATTORNEYS FOR PLAINTIFF
    LAUREN SPALSBURY



COPLEY ROTH & WILSON, LLC


By: _/s/ Patrick Copley_____
    JASON P. ROTH, KS Bar #20529
    PATRICK COPLEY, KS Bar #20699
    Lighton Tower
    7500 College Blvd., Suite 700
    Overland Park, Kansas 66210
    (913) 451-9500; Fax: (913) 451-9501
    E-mail: jason@crwlawyers.com
    E-mail: patrick@crwlawyers.com

    ATTORNEYS FOR KATIE SELLERS

6

## CERTIFICATE OF SERVICE

The foregoing was provided to the following counsel on September 26, 2012, in compliance with ECF requirements of this Court:

Michael E. McCausland
Mark D. Chuning
McCAUSLAND BARRETT & BARTALOS P.C.
9233 Ward Parkway, Suite 270
Kansas City, Missouri 64114
Email: mmccausland@mbblawfirmkc.com
Email: mchuning@mbblawfirmkc.com

Richard T. Merker
WALLACE SAUNDERS AUSTIN
BROWN & ENOCHS
10111 West 87th Street
Overland Park, KS 66212
Email: rmerker@wallacesaunders.com
**ATTORNEYS FOR DEFENDANT/COUNTERCLAIM
PLAINTIFF JEREMIAH JOHNSON**

A. Scott Waddell
WADDELL LAW FIRM LLC
2029 Wyandotte, Suite 100
Kansas City, Missouri 64108
Email: scott@aswlawfirm.com
**ATTORNEYS FOR BROOKE BASHAW**

      *s/ Anne Schiavone*
      ATTORNEY FOR PLAINTIFF