# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BROOKE BASHAW, | ) |
| and | ) |
| KATIE SELLERS, | ) |
| and | ) |
| LAUREN SPALSBURY, | ) Case No.: 11-CV-02693 JWL/JPO |
| *Plaintiffs/Counterclaim Defendants*, | ) |
| v. | ) |
| JEREMIAH JOHNSON, | ) |
| *Defendant/Counterclaim Plaintiff.* | ) |

### ANSWER OF PLAINTIFF LAUREN SPALSBURY
### TO COUNTERCLAIM OF DEFENDANT JEREMIAH JOHNSON

COMES NOW Plaintiff/Counterclaim Defendant, Lauren Spalsbury, through counsel, and hereby answers and responds to Counterclaimant Jeremiah Johnson's Counterclaim as follows:

1. Lauren Spalsbury admits the allegations contained in Paragraphs 1 and 2 of Johnson's Counterclaim.

2. Lauren Spalsbury denies the allegations contained in Paragraph 3 of Johnson's Counterclaim. Specifically, Lauren Spalsbury was not an employee of The Law Offices of Jeremiah Johnson, P.A., at the time of the demand and mediation referenced in Paragraphs 20, 21, 22, 23, 24, 25, 26, and 27 of Johnson's Counterclaim.

3. Lauren Spalsbury denies the allegations contained in Paragraph 4 of Johnson's Counterclaim. Rather, upon discovery of Jeremiah Johnson's use of

unauthorized video surveillance to secretly record plaintiffs' undergarments, one or more of the plaintiffs immediately reported this conduct to Johnson's law partner. Thereafter plaintiffs resigned their employment.

4. Lauren Spalsbury denies the allegations contained in Paragraphs 5 and 6 of Johnson's Counterclaim, however, Plaintiff believes these allegations to be moot in light of the Court's dismissal of Count I of the Counterclaims.

5. Lauren Spalsbury admits the allegations contained in Paragraphs 7 and 8 of Johnson's Counterclaim.

## COUNT II

6. Lauren Spalsbury denies the allegations contained in Paragraph 19 of Johnson's Counterclaim, however plaintiff believes these allegations to be moot in light of the Court's dismissal of Count I of the Johnson's Counterclaim.

8. Lauren Spalsbury admits the allegations contained in Paragraph 20 of Johnson's Counterclaim.

9. Lauren Spalsbury admits that a pre-suit mediation took place between the Plaintiffs and Jeremiah Johnson, but denies the remaining allegations contained in Paragraph 21 of Johnson's Counterclaim. Specifically, Lauren Spalsbury never agreed to not speak with law enforcement officials regarding facts and/or the criminal conduct perpetrated against her by Jeremiah Johnson. Nor did Lauren Spalsbury ever agree to not inquire regarding Jeremiah Johnson's legal counsel's threats during the mediation regarding her alleged criminal culpability for looking at the recorded images of plaintiffs' undergarments on the subject iPad during the aforementioned mediation.

10. Lauren Spalsbury admits that a pre-suit mediation took place between the Plaintiffs and Jeremiah Johnson, but denies the remaining allegations contained in

Paragraph 22 of Johnson's Counterclaim. Specifically, Lauren Spalsbury never agreed to not speak with law enforcement officials regarding facts and/or the criminal conduct perpetrated against her by Jeremiah Johnson. Nor did Lauren Spalsbury ever agree to not inquire regarding Jeremiah Johnson's legal counsel's threats during the mediation regarding her alleged criminal culpability for looking at the recorded images of plaintiffs' undergarments on the subject iPad during the aforementioned mediation.

11. Lauren Spalsbury admits the allegations contained in Paragraphs 23 and 24 of Johnson's Counterclaim.

12. Lauren Spalsbury admits that a pre-suit mediation took place between the Plaintiffs and Jeremiah Johnson, and that a Confidentiality Agreement was executed by her and her then legal counsel, but denies the remaining allegations contained in Paragraph 25 of Johnson's Counterclaim. Specifically, Lauren Spalsbury never agreed to not speak with law enforcement officials regarding facts and/or the criminal conduct perpetrated against her by Jeremiah Johnson. Nor did Lauren Spalsbury ever agree to not inquire regarding Jeremiah Johnson's legal counsel's threats during the mediation regarding her alleged criminal culpability for looking at the recorded images of plaintiffs' undergarments on the subject iPad during the aforementioned mediation.

13. Lauren Spalsbury admits the allegations contained in Paragraphs 26 of Johnson's Counterclaim.

14. Lauren Spalsbury admits that a pre-suit mediation took place between the Plaintiffs and Jeremiah Johnson on or about October 20, 2011, but denies the remaining allegations contained in Paragraph 27 of Johnson's Counterclaim. Specifically, on information and belief, following the mediation, Plaintiffs, through their then attorneys, Jason P. Roth and Patrick Copley, immediately contacted the Assistant Johnson County

District Attorney to inquire on whether or not there was any way criminal charges could be filed against Plaintiffs, as threatened during the mediation by Jeremiah Johnson and his legal counsel, for finding and viewing recorded images of Plaintiffs' undergarments on the subject iPad that had been obtained via an unauthorized recording device set up by Jeremiah Johnson without Plaintiffs' knowledge and/or consent.

15. Lauren Spalsbury admits the allegations contained in Paragraph 28 of Johnson's Counterclaim.

16. Lauren Spalsbury is without sufficient knowledge to admit or deny the allegations contained in Paragraph 29 of Johnson's Counterclaim, and therefore denies same.

17. Lauren Spalsbury denies the allegations contained in Paragraphs 30, 31, and 32 of Johnson's Counterclaim.

18. Lauren Spalsbury denies any and all further allegations contained in Johnson's Counterclaim not previously admitted to herein.

## **AFFIRMATIVE DEFENSES**

Lauren Spalsbury, for her further affirmative answer to Counterclaimant Jeremiah Johnson's Counterclaim, states as follows:

1. Jeremiah Johnson's counterclaim fails to state a claim upon which relief may be granted, and should be dismissed.

2. Jeremiah Johnson's counterclaim is barred by the affirmative defenses and legal doctrines of illegality, license, estoppel, laches, and contributory fault. Specifically, Jeremiah Johnson engaged in criminal acts of utilizing unauthorized video surveillance to secretly record the Plaintiffs' undergarments. Upon discovery of Johnson's tortious and criminal wrongdoing, one or more of the Plaintiffs immediately reported this conduct to

Johnson's law partner. Thereafter, one or more of the Plaintiffs showed to Johnson's law partner the recorded images of the Plaintiffs' undergarments before all Plaintiffs resigned their employment from The Law Firm of Jeremiah Johnson, P.A.

3. Jeremiah Johnson's counterclaim against Lauren Spalsbury is being brought for an improper purpose including, but not limited to, an intent to harass Lauren Spalsbury, cause unnecessary delay, and needlessly increase the cost of this litigation. Further, Jeremiah Johnson's counterclaim against Lauren Spalsbury is being brought without the support of existing law and without factual and/or evidentiary support. Thus, Johnson's legal counsel should be subject to sanctions pursuant to Fed.R.Civ.P. 11(c).

4. On information and belief, the iPad at issue in this litigation was destroyed shortly after Plaintiffs discovered Jeremiah Johnson's unauthorized recordings of their undergarments, thus a spoliation of evidence instruction will be necessary with respect to Plaintiffs' claims and Jeremiah Johnson's counterclaim.

5. On information and belief, Jeremiah Johnson is not the real party in interest in that the subject Apple iPhone, iPad, and computers at issue in this litigation were purchased by and were owned by The Law Firm of Jeremiah Johnson, P.A., and not by Jeremiah Johnson.

7. Lauren Spalsbury was expressly and implicitly authorized by both Jeremiah Johnson and The Law Firm of Jeremiah Johnson, P.A., to utilize and work on and with the subject Apple iPhone, iPad, and computers at issue in this litigation, as a then employee of The Law Firm of Jeremiah Johnson, P.A.

8. Jeremiah Johnson's alleged claims and damages are not stated with specific and/or sufficient particularity to comprise a "short and plain statement of the claim

5

showing that the pleader is entitled to relief," and thus, Jeremiah Johnson's counterclaim should be dismissed pursuant to Fed.R.Civ.P. 8(a)(2).

9.  Jeremiah Johnson has not suffered any damages or "loss" as a proximate result of Lauren Spalsbury's alleged conduct, and any damages allegedly sustained by Jeremiah Johnson or his law practice are solely the result of his own criminal, unprofessional, and civilly actionable conduct.

10. Jeremiah Johnson never had Lauren Spalsbury's authorization to photograph or record her undergarments.

11. Lauren Spalsbury's former legal counsel had a professional duty to Lauren Spalsbury, and were acting consistent with that duty, to investigate Jeremiah Johnson's and Johnson's lawyer's threat(s) during the mediation of this matter that Lauren Spalsbury could be subjected to criminal liability and/or prosecution for catching and/or reporting Jeremiah Johnson for his unauthorized surveillance and recording of Lauren Spalsbury's undergarments.

12. Any discussions by Lauren Spalsbury and/or her attorneys, as alleged by Defendant, were not improper in that K.S.A. 74-7333.4 states as follows: "Information should be made available to [crime] victims [such as Plaintiffs herein] about their participation in criminal proceedings and the … ultimate disposition of proceedings."

13. Any discussions by Lauren Spalsbury and/or her attorneys, as alleged by Defendant, were not improper in that K.S.A. 74-7333.5 states as follows: "The views and concerns of [crime] victims [such as Plaintiffs herein] should be ascertained and the appropriate assistance provided throughout the criminal process."

14. Any discussions by Lauren Spalsbury and/or her attorneys, as alleged by Defendant, were not improper in that K.S.A. 74-7333.6 states as follows: "When the

personal interests of [crime] victims [such as Plaintiffs herein] are affected, the views or concerns of the victim should, when appropriate and consistent with criminal law and procedure, be brought to the attention of the court."

15. Any discussions by Lauren Spalsbury and/or her attorneys, as alleged by Defendant, were not improper in that K.S.A. 74-7333.10 states as follows: "Victims should report the crime and cooperate with law enforcement authorities."

WHEREFORE, having fully answered Jeremiah Johnson's Counterclaim, and upon her affirmative defenses, Lauren Spalsbury prays that this Court dismiss Jeremiah Johnson's Counterclaim and enter judgment in favor of Lauren Spalsbury and against Jeremiah Johnson, for a monetary sanction against Jeremiah Johnson and his legal counsel for the frivolous filing of Jeremiah Johnson's Counterclaim, pursuant to Rule 11 of the Federal Rules of Civil Procedure (including but not limited to Lauren Spalsbury's reasonable attorneys fees in having to defend Jeremiah Johnson's frivolous counterclaim), for all costs incurred, and for any other and further relief the Court deems just and proper.

HOLMAN SCHIAVONE, LLC

By: *s/ Sophie Woodworth*
Anne Schiavone, KS Bar# 19669
Kirk D. Holman, KS Bar# 19558
Sophie Woodworth, KS Bar #21754
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
Telephone: 816.283.8738
Facsimile: 816.283.8739
Email: aschiavone@hslawllc.com
Email: kholman@hslawllc.com
Email: swoodworth@hslawllc.com

ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

The foregoing was provided to the following counsel on October 3, 2012, in compliance with ECF requirements of this Court:

Michael E. McCausland
Mark D. Chuning
McCAUSLAND BARRETT & BARTALOS P.C.
9233 Ward Parkway, Suite 270
Kansas City, Missouri 64114
Email: mmccausland@mbblawfirmkc.com
Email: mchuning@mbblawfirmkc.com

Richard T. Merker
WALLACE SAUNDERS AUSTIN
BROWN & ENOCHS
10111 West 87th Street
Overland Park, KS 66212
Email: rmerker@wallacesaunders.com
**ATTORNEYS FOR DEFENDANT/COUNTERCLAIM PLAINTIFF JEREMIAH JOHNSON**

A. Scott Waddell
WADDELL LAW FIRM LLC
2029 Wyandotte, Suite 100
Kansas City, Missouri 64108
Email: scott@aswlawfirm.com

**ATTORNEYS FOR BROOKE BASHAW**

Jason P. Roth
Patrick Copley
COPLEY ROTH & WILSON, LLC
7300 College Blvd., Suite 175
Overland Park, Kansas 66210
Email: jason@crwlawyers.com
Email: patrick@crwlawyers.com

**ATTORNEYS FOR KATIE SELLERS**

                                       *s/ Sophie Woodworth*
                                       ATTORNEY FOR PLAINTIFF