# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

BROOKE BASHAW,                  )
KATIE SELLERS and            )
LAUREN SPALSBURY,         )
                                 )
        Plaintiffs/Counterclaim Defendants, )
vs.                              )     Case No. 11-CV-2693-JWL/JPO
                                 )
JEREMIAH JOHNSON,         )
                                 )
        Defendant/Counterclaim Plaintiff.  )

## ANSWER OF PLAINTIFF KATIE SELLERS TO
## COUNTERCLAIM OF DEFENDANT JEREMIAH JOHNSON

COMES NOW Plaintiff/Counterclaim Defendant Katie Sellers, by and through her counsel, and hereby answers and responds to Counterclaim Plaintiff Jeremiah Johnson's Counterclaim as follows:

1.     Katie Sellers admits the allegations contained in paragraph 1 of the Counterclaim.

2.     Katie Sellers admits the allegations contained in paragraph 2 of the Counterclaim.

3.     Katie Sellers denies the allegations contained in paragraph 3 of the Counterclaim. Specifically, Katie Sellers was not an employee of The Law Offices of Jeremiah Johnson, P.A. when the demand and mediation referenced in paragraphs 20, 21, 22, 23, 24, 25, 26 and 27 of Jeremiah Johnson's Counterclaim occurred.

4.     As stated, Katie Sellers denies the allegations contained in paragraph 4 of the Counterclaim.

5.     Katie Sellers denies the allegations contained in paragraph 5 of the Counterclaim.

6.     Katie Sellers denies the allegations contained in paragraph 6 of the Counterclaim.

7.      As stated, Katie Sellers denies the allegation contained in paragraph 7 of the Counterclaim. Katie Sellers admits that Plaintiffs employed Copley Roth & Wilson, LLC.

8.      In response to paragraph 8 of the Counterclaim, Katie Sellers admits that on or about June 7, 2011, she and counsel contacted the Olathe Police Department and provided information to them, and denies the remaining allegations.

## COUNT I

9.      In response to Count I, paragraphs 9 through 18 of the Counterclaim, Katie Sellers believes that the allegations are moot, and require no response, given the Court's Order on the Motion to Dismiss.  To the extent a response is required, Katie Sellers denies the allegations.

## COUNT II

10.      In response to paragraph 19 of the Counterclaim, Katie Sellers restates and incorporates by reference paragraphs 1 through 9 above as though fully set forth herein.

11.      Katie Sellers admits the allegations contained in paragraph 20 of the Counterclaim.

12.      Katie Sellers admits a pre-suit mediation took place between Plaintiffs and Defendant, but denies the remaining allegations of paragraph 21 of the Counterclaim. Specifically, Katie Sellers did not agree to forego speaking with law enforcement officials, other persons conducting any investigation into this matter, or forego conducting additional investigation and analysis of this matter.

13.      Katie Sellers admits the parties agreed to use Donald W. Vasos as a mediator and that she submitted a confidential submission to Mr. Vasos prior to the mediation that occurred on October 20, 2011, at the offices of Wallace, Saunders, Austin, Brown & Enochs, Chtd., and is

without sufficient information or knowledge regarding the remaining allegations in paragraph 22 of the Counterclaim.

14.     Katie Sellers admits the allegations contained in paragraph 23 of the Counterclaim.

15.     Katie Sellers admits the allegations contained in paragraph 24 of the Counterclaim.

16.     Katie Sellers admits a pre-suit mediation took place between Plaintiffs and Defendant, but denies the remaining allegations of paragraph 25 of the Counterclaim. Specifically, Katie Sellers did not agree to forego speaking with law enforcement officials, other persons conducting any investigation into this matter, or forego conducting additional investigation and analysis of this matter.

17.     Katie Sellers admits the allegations contained in paragraph 26 of the Counterclaim.

18.     Katie Sellers admits a pre-suit mediation took place between Plaintiffs and Defendant, that the pre-suit mediation failed and there was no resolution, and that her counsel, Jason P. Roth and Patrick Copley, contacted the Assistant District Attorney assigned to the case in the course of conducting an investigation and analysis of the suggestion by Defendant and/or Defendant's counsel that Plaintiffs could be subject to criminal prosecution relating to the facts and circumstances occurring on June 2, 2011 at Defendant's office, and denies the remaining allegations of paragraph 27 of the Counterclaim.

19.     Upon information and belief, Katie Sellers admits the allegations contained in paragraph 28 of the Counterclaim.

20.     In response to paragraph 29, Katie Sellers admits that the Assistant District Attorney called Defendant's criminal defense attorney, Thomas Bath, and is without sufficient information or knowledge regarding the remaining allegations of paragraph 29 of the Counterclaim.

21.     Katie Sellers denies the allegations contained in paragraph 30 of the Counterclaim.

22.     Katie Sellers denies the allegations contained in paragraph 31 of the Counterclaim.

23.     Katie Sellers denies the allegations contained in paragraph 32 of the Counterclaim.

24.     All allegations asserted in the Counterclaim not specifically admitted or limited herein are denied.

## **AFFIRMATIVE DEFENSES**

25.     Jeremiah Johnson's Counterclaim fails to state a claim upon which relief can be granted, and should be dismissed.

26.     Jeremiah Johnson's Counterclaim and claims are barred by the affirmative defenses and legal doctrines of illegality, estoppel, laches, and contributory fault. *See* Plaintiffs' Complaint.

27.     Jeremiah Johnson's Counterclaim against Katie Sellers is being brought for an improper purpose including, but not limited to, an attempt to harass Katie Sellers, cause unnecessary delay, maliciousness, and to needlessly increase the cost of this litigation.

28.     On information and belief, the iPhone and/or iPad at issue in this litigation was destroyed shortly after discovery of the unauthorized recordings, and thus, a spoliation of

evidence instruction will be necessary with respect to Plaintiffs' claims and Jeremiah Johnson's Counterclaims.

29.     Katie Sellers was expressly and implicitly authorized by Jeremiah Johnson, and the partners within The Law Firm of Jeremiah Johnson, P.A., to utilize and work on and with the subject iPhone and/or iPad, and computers at issue in this litigation, as a then employee of the The Law Firm of Jeremiah Johnson, P.A.

30.     Jeremiah Johnson's alleged claims and damages are not stated with specific and/or sufficient particularity to comprise a "short and plain statement of the claim showing that the pleader is entitled to relief" and thus, Jeremiah Johnson's Counterclaim should be dismissed, pursuant to Fed. R. Civ. P. 8(a)(2).

31.     Katie Sellers denies the nature, extent, causation and severity of Counterclaim Plaintiff Jeremiah Johnson's alleged damages and further states that he failed to mitigate his alleged damages, thereby barring or diminishing his claims herein.

32.     Katie Sellers states that all or portions of Counterclaim Plaintiff's Counterclaim are frivolous, unwarranted, lacking in probable cause, and are otherwise unwarranted by existing law for which the Counterclaim Defendant is or may claim sanctions pursuant to Rule 11.

33.     Katie Sellers incorporates by reference the affirmative defenses and avoidances asserted by Brooke Bashaw and Lauren Spalsbury to Jeremiah Johnson's Counterclaim as though fully set forth herein.

WHEREFORE, having fully answered the Counterclaim, and upon her Affirmative Defenses, Katie Sellers prays that this Court dismiss Jeremiah Johnson's Counterclaim and enter judgment in favor of Katie Sellers and against Jeremiah Johnson, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

COPLEY ROTH & WILSON, LLC


*/s/Jason P. Roth*

JASON P. ROTH, KS Bar #20529
PATRICK COPLEY, KS Bar #20699
Lighton Tower
7500 College Blvd., Suite 700
Overland Park, KS 66210
(913) 451-9500; Fax: (913) 451-9501
E-mail: jason@crwlawyers.com
E-mail: patrick@crwlawyers.com
*Attorneys for Plaintiff/Counterclaim Defendant*
*Katie Sellers*


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to the following, on this 4th day of October, 2012:

Michael E. McCausland
Mark D. Chuning
*McCausland Barrett & Bartalos, P.C.*
9233 Ward Parkway, Suite 270
Kansas City, MO 64114
E-mail: mmccausland@mbblawfirmkc.com
E-mail: mchuning@mbblawfirmkc.com
*Attorney for Defendant/Counterclaim Plaintiff*

Richard T. Merker
*Wallace, Saunders, Austin,*
  *Brown and Enochs, Chartered*
10111 West 87th Street
P.O. Box 12290
Overland Park, KS 66282-2290
E-mail: rmerker@wallacesaunders.com
*Attorneys for Defendant/Counterclaim Plaintiff*

Scott Waddell
*Waddell law Firm, LLC*
2029 Wyandotte, Suite 100
Kansas City, MO  64108
E-mail:  scott@aswlawfirm.com
*Attorneys for Plaintiff/Counterclaim Defendant*
*Brooke Bashaw*

Anne Schiavone
Sophie Woodworth
*Holman Schiavone, LLC*
4600 Madison Ave., Suite 810
Kansas City, MO  64112
E-mail:  aschiavone@hslawllc.com
E-mail:  swoodworth@hslawllc.com
*Attorneys for Plaintiff/Counterclaim Defendant*
*Lauren Spalsbury*

/s/ Jason P. Roth
_____

*Attorney for Plaintiff/Counterclaim Defendant*
*Katie Sellers*