IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BROOKE BASHAW, <br> KATIE SELLERS and <br> LAUREN SPALSBURY, <br><br> Plaintiffs/Counterclaim Defendants, <br> vs. <br><br> JEREMIAH JOHNSON, <br><br> Defendant/Counterclaim Plaintiff. | Case No. 11-CV-2693-JWL/JPO <br><br> JURY TRIAL DEMANDED |

### FIRST AMENDED COMPLAINT FOR DAMAGES

COME NOW Plaintiffs Katie Sellers and Lauren Spalsbury, by and through their undersigned counsel, and for their First Amended Complaint for Damages against Defendant Jeremiah Johnson, state and allege as follows:

1. Plaintiff Brooke Bashaw is an individual residing in Overland Park, Kansas.

2. Plaintiff Katie Sellers is an individual whose residence is Salina, Kansas.

3. Plaintiff Lauren Spalsbury is an individual residing in Overland Park, Kansas.

4. Defendant Jeremiah Johnson is an individual residing in Kansas City, Missouri and is an attorney licensed in Kansas and Missouri.

5. Diversity jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332 (a) in that Plaintiffs are all residents of the State of Kansas and Defendant is a resident of the State of Missouri and each Plaintiff is seeking monetary damages from Defendant in excess of $75,000.00.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that Plaintiffs all are residents of the State of Kansas and the Defendant's actions that constitute this cause of action occurred in Olathe, Johnson County, Kansas.

7. Prior to June 2, 2011 Plaintiffs were employees of Defendant Jeremiah Johnson and/or The Law Offices of Jeremiah Johnson.

8. At all times relevant hereto Plaintiffs worked as office staff in Defendant's law office located at 104 East Poplar, Olathe, Kansas.

9. At all times relevant hereto Plaintiffs were also general occupants of the open spaces within the office of Defendant Johnson and/or The Law Offices of Jeremiah Johnson.

10. At all times relevant hereto Plaintiffs were directly supervised by, and reported to, Jeremiah Johnson.

11. Some time prior to June 2, 2011 Defendant purchased an Apple iPhone, an Apple iPad, and an application named "Cam-u-flage" which allowed the iPhone and/or iPad to be used to conduct video surveillance.

12. Some time prior to June 2, 2011 Defendant purchased new desks, replacing the old office desks.

13. The new desks were open, allowing a person's feet, legs, and lower torso to be viewed, if one was looking under the desks, while a person was properly seated at the desk.

14. Plaintiffs would sit at the desks not only as employees of Defendant and/or Defendant's law office, but also while not working and as general occupants of the open space within the office setting.

15. On a number of occasions prior to June 2, 2011, and after the purchase and installation of the new desks, Plaintiffs sat at a particular desk (Desk #1).

16. On many occasions prior to June 2, 2011 each Plaintiff sat at a particular desk (Desk #1) while wearing skirts.

17. On a number of occasions prior to and including June 2, 2011 Jeremiah Johnson positioned his iPhone and/or iPad using the Cam-u-flage application or some similar program, to surreptitiously film under the desk at which each of the Plaintiffs regularly sat.

18. On a number of occasions prior to and including June 2, 2011 utilizing an iPhone and/or iPad with the Cam-u-flage application or some similar program, Jeremiah Johnson secretly recorded each of the Plaintiffs while each was sitting at the desk (Desk #1). The recordings were directed at the Plaintiffs' legs, lower torso, and allowed anyone viewing the recordings to see Plaintiffs' legs and between their legs to the undergarments.

19. At all times relevant hereto Plaintiffs had a reasonable expectation of privacy under their desk and while at work in a law office.

20. At all times relevant hereto Plaintiffs had a reasonable expectation of privacy as members of the general public in and around the open space of the office, including while seated at Desk #1.

## COUNT I – INVASION OF PRIVACY

21. Plaintiffs restate and incorporate by reference paragraphs 1 through 20 of this Complaint as though fully set forth herein.

22. At all times relevant hereto Plaintiffs had a right to privacy, particularly in the area directly under a work desk.

23. At all times relevant hereto Plaintiffs had a right to privacy in and around the open space of the office, including while seated at Desk #1.

24. The acts of Defendant described herein are of such a nature that they would cause mental distress or injury to a person having ordinary feelings and intelligence.

25. Defendant negligently intruded upon the solitude or seclusion of Plaintiffs.

3

26. Defendant's negligent intrusion would be highly offensive to an ordinary person.

27. The actions and conduct set forth herein were outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of plaintiffs and therefore plaintiffs are entitled to punitive damages from defendant to punish and deter defendant and others from like conduct.

28. As a result of the conduct alleged herein, Plaintiffs sustained damages including but not limited to mental suffering, shame, humiliation, and loss of income.

WHEREFORE, based on the above and foregoing, Plaintiffs respectfully pray for judgment against Defendant for damages in an amount in excess of $75,000.00 each, for punitive damages, together with their fees, costs, and expenses incurred herein, and for such other further relief as the Court deems just and proper.

## COUNT II - OUTRAGE

29. Plaintiffs restate and incorporate by reference paragraphs 1 through 28 of this Complaint as though fully set forth herein.

30. Defendant's conduct alleged herein was intentionally and/or negligently, or recklessly, inflicted upon Plaintiffs.

31. Defendant's conduct alleged herein was extreme and outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of plaintiffs and therefore plaintiffs are entitled to punitive damages from defendant to punish and deter defendant and others from like conduct.

32. Defendant's conduct alleged herein caused severe emotional distress to Plaintiffs.

33. As a result of the conduct alleged herein Plaintiffs sustained damages including but not limited to severe emotional distress, mental suffering, shame, and humiliation.

WHEREFORE, based on the above and foregoing, Plaintiffs respectfully pray for judgment against Defendant for damages in an amount in excess of $75,000.00 each, for punitive damages, together with their fees, costs, and expenses incurred herein, and for such other further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs request a jury trial on all issues pursuant to FRCP Rule 38.

## DESIGNATION OF PLACE OF TRIAL

Plaintiffs designate Kansas City, Kansas, as the place of trial.

COPLEY ROTH & WILSON, LLC

/s/ Jason P. Roth
Jason P. Roth          KS #20529
Patrick Copley         KS #20699
Lighton Tower
7500 College Blvd., Suite 700
Overland Park, KS  66210
Telephone: 913.451.9500
Facsimile: 913.451.9501
E-mail: jason@crwlawyers.com
E-mail: patrick@crwlawyers.com
*Attorneys for Katie Sellers*

and

HOLMAN SCHIAVONE, LLC

/s/ Sophie Woodworth
Anne Schiavone         KS #19669
Sophie Woodworth       KS #21754
4600 Madison Ave., Suite 810
Kansas City, MO  64112
E-mail: aschiavone@hslawllc.com
E-mail: swoodworth@hslawllc.com
*Attorneys for Lauren Spalsbury*

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to the following, on this 25th day of October, 2012:

Michael E. McCausland
Mark D. Chuning
*McCausland Barrett & Bartalos, P.C.*
9233 Ward Parkway, Suite 270
Kansas City, MO 64114
E-mail: mmccausland@mbblawfirmkc.com
E-mail: mchuning@mbblawfirmkc.com
*Attorney for Defendant/Counterclaim Plaintiff*

Richard T. Merker
*Wallace, Saunders, Austin,
   Brown and Enochs, Chartered*
10111 West 87th Street
P.O. Box 12290
Overland Park, KS 66282-2290
E-mail: rmerker@wallacesaunders.com
*Attorneys for Defendant/Counterclaim Plaintiff*

Scott Waddell
*Waddell law Firm, LLC*
2029 Wyandotte, Suite 100
Kansas City, MO 64108
E-mail: scott@aswlawfirm.com
*Attorneys for Plaintiff/Counterclaim Defendant
Brooke Bashaw*

                                                      /s/ Jason P. Roth
                                                     *Attorney for Katie Sellers*