IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BROOKE BASHAW, KATIE SELLERS and )
LAUREN SPALSBURY, )
)
        Plaintiffs/Counterclaim Defendants, )
)
vs. )   Case No: 11-CV-2693-JWL/JPO
)
JEREMIAH JOHNSON, )
)
        Defendant/Counterclaim Plaintiff. )
)

## DEFENDANT'S ANSWER TO PLAINTIFF BROOKE BASHAW'S FIRST AMENDED COMPLAINT FOR DAMAGES

**COMES NOW** Defendant Jeremiah Johnson and for his Answer to Plaintiff Brooke Bashaw's First Amended Complaint for Damages, states as follows:

1. Plaintiffs' First Amended Complaint fails to state a claim upon which relief may be granted.

2. Any allegation of fact or conclusion of law as set forth in Plaintiff's First Amended Complaint which is not admitted shall be deemed denied.

3. Defendant admits that Brooke Bashaw, Katie Sellers and Lauren Spalsbury are individuals, but is without information to affirm or deny their residency, and therefore denies that portion of paragraphs 1, 2 and 3 of their First Amended Complaint.

4. Paragraph 4 is admitted.

5.     While it appears that diversity jurisdiction is appropriate pursuant to 28 U.S.C. § 1332(a) in reference to the residence of the respective parties, it is denied that the Plaintiffs' damages exceeds $75,000.00.  The remaining portions of paragraph 5 are denied.

6.     If Plaintiffs otherwise state an appropriate cause of action, it is admitted that venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that one or more of the Plaintiffs are residents of the state of Kansas, and that Defendant's claimed actions occurred in Olathe, Johnson County, Kansas.  The remaining portions of paragraph 6 are denied.

7.     It is denied that the Plaintiffs were employees of Defendant Jeremiah Johnson or The Law Office of Jeremiah Johnson prior to June 2, 2011.  It is affirmatively stated that the Plaintiffs were employees of The Law Offices of Jeremiah Johnson, P.A. for the calendar year of 2011.  The remaining portions of paragraph 7 are denied.

8.     It is admitted that the Plaintiffs worked as office staff at the law office located at 104 E. Poplar, Olathe, Kansas.  The remaining portions of paragraph 8 are denied.

9.     It is admitted that at all relevant times the Plaintiffs were also general occupants of the open spaces within the law office, to wit The Law Offices of Jeremiah Johnson, P.A.  The remaining portions of paragraph 9 are denied.

10.     It is admitted that the Plaintiffs were supervised and reported to Jeremiah Johnson.  However, they similarly reported to Scott McFall.  The remaining portions of paragraph 10 are denied.

11.   It is admitted that sometime prior to June 2, 2011, that Defendant had in his possession an Apple iPhone, iPad, an application named Cam-u-flage which had numerous devices on it, including the conduction of video imaging.   The remaining portions of paragraph 11 are denied.

12.   Paragraph 12 is admitted.

13.   The Defendant is without information to affirm or deny what is meant by the fact that the new desks were "open."  It is admitted that the desks when positioned at a certain level would show portions of a person's feet, legs and/or lower torso.  The remaining portions of paragraph 13 are denied.

14.   It is admitted that the Plaintiffs would sit at various desks both while and during the course of their employment and while not pursuing issues dealing with employment.  It is further admitted that the Plaintiffs were permitted to be general occupants of the open space within the office setting.   The remaining portions of paragraph 14 are denied.

15.   It is admitted that prior to June 2, 2011, one or more of the Plaintiffs occasionally sat at a particular desk in the office.  The remaining portions of paragraph 15 are denied.

16.   It is admitted that on or before June 2, 2011, one or more of the Plaintiffs sat at a particular desk while wearing skirts.  The remaining portions of paragraph 16 are denied.

17.   Paragraph 17 is denied.

18.   Paragraph 18 is denied.

19.   Paragraph 19 is denied.

20.     Paragraph 20 is denied.

21.     Count I fails to state a claim upon which relief may be granted.

22.     Defendant incorporates by reference his admissions, denials and qualifications as set forth in reference to claims in paragraphs 1 through 20 as if set forth more fully herein and incorporated as to the allegations as set forth in regard to paragraph 21.

23.     Defendant denies paragraph 22.

24.     Defendant denies paragraph 23.

25.     Defendant denies paragraph 24.

26.     Defendant denies paragraph 25.

27.     Defendant denies paragraph 26.

28.     Defendant denies paragraph 27.

29.     Defendant denies paragraph 28.

30.     Defendant denies the remaining portions of Count I of Plaintiff's First Amended Complaint for Damages.

31.     Count II fails to state a claim upon which relief may be granted.

32.     This Defendant incorporates by reference his admissions, denials and qualifications as set forth in reference to paragraphs 1 through 28 as if set forth more fully herein and incorporated in regard to paragraph 29.

33.     Defendant denies paragraph 30.

34.     Defendant denies paragraph 31.

35.     Defendant denies paragraph 32.

36.     Defendant denies paragraph 33.  Defendant denies the remaining portions of Plaintiff's First Amended Complaint for Damages.

37.     By way of further defense, Defendant states that if the Plaintiff was damaged and injured as alleged, which this Defendant denies, then the Plaintiff's cause of action is barred by or diminished by her own negligence and fault, acceptance of terms of employment, waiver, estoppel, and acquiescence.

38.     By way of further defense, Defendant states that all or portions of the Plaintiff's claims as set forth in Counts I and II of her First Amended Complaint for Damages, are frivolous, unwarranted, lacking in probable cause and are otherwise unwarranted by existing law for which the Defendant is or may claim sanctions pursuant to Rule 11(a), (b), and (c).

39.     By way of further defense, Defendant states that the Plaintiff has failed to mitigate her damages and has not suffered physical injuries thereby barring or diminishing her claims herein.

40.     By way of further defense, Defendant states that the claims made by the Plaintiff herein for attorneys' fees are barred under Kansas law and are not statutorily allowed under the claims being advanced herein.

41.     By way of further defense, Defendant claims that Plaintiff's claims may be barred by the exclusive remedy of Worker's Compensation.

42.     By way of further defense, Defendant states that the Plaintiff has failed to mitigate her damages, if any.

**WHEREFORE**, Defendant prays that the Plaintiff's First Amended Complaint for Damages be dismissed with prejudice and that he be awarded sanctions and fees and for such other and further relief as the Court deems fair, just and equitable.

WALLACE, SAUNDERS, AUSTIN,
BROWN AND ENOCHS, CHARTERED


By _____/s/ Richard T. Merker_____
    Richard T. Merker      KS# 07405
    rmerker@wallacesaunders.com
    10111 West 87th Street
    Overland Park, KS 66212
    913-888-1000    Fax - 913-888-1065

ATTORNEYS FOR DEFENDANT
JEREMIAH JOHNSON


McCAUSLAND BARRETT & BARTALOS
P.C.


By _____/s/ Mark D. Chuning_____
    Mark D. Chuning      KS# 20882
    Michael E. McCausland    MO# 29950
    9233 Ward Parkway, Suite 270
    Kansas City, MO 64114
    mmccausland@mbblawfirmkc.com
    mchuning@mbblawfirmkc.com
    (816) 523-3000  Fax:  (816) 523-1588


ATTORNEYS FOR DEFENDANT
JEREMIAH JOHNSON

The undersigned hereby certifies that a true and correct copy of the above and foregoing were electronically filed with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to the following, on this 6th day of November, 2012:

Scott Waddell
WADDELL LAW FIRM LLC
2029 Wyandotte Street, Suite 100
Kansas City, MO 64108
scott@aswlawfirm.com
(816) 221-2555      Fax:    (816) 221-2508

ATTORNEYS FOR PLAINTIFF BROOKE
BASHAW


Jason P. Roth
Patrick Copley
COPLEY ROTH & WILSON, LLC
Lighton Tower
7500 College Boulevard, Suite 700
Overland Park, KS 66210
Jason@crwlawyers.com
Patrick@crwlawyers.com
(913) 451-9500      Fax:    (913) 451-9501

ATTORNEYS FOR PLAINTIFF KATIE
SELLERS

Anne Schiavone
HOLMAN SCHIAVONE, LLC
4600 Madison Avenue, Suite 810
Kansas City, MO 64112
aschiavone@hslawllc.com
(816) 283-8738      Fax:    (816) 283-8739

ATTORNEYS FOR PLAINTIFF LAUREN
SPALSBURY



_____/s/ Richard T. Merker_____
Richard T. Merker